# JORDAN *v.* COMMONWEALTH OF MASSACHU-SETTS.

## ERROR TO THE SUPERIOR COURT OF THE COMMONWEALTH OF MASSACHUSETTS.

No. 519.   Argued April 16, 1912.—Decided May 27, 1912.

Subject to the requirement of due process of law, the States are under no restriction as to their methods of procedure in the administration of public justice. *Twining* v. *New Jersey*, 211 U. S. 78, 111.

Due process of law implies a tribunal both impartial and mentally competent to afford a hearing; but due process is not denied when a competent state court refuses to set aside a verdict because the sanity of one of the jurors which has been questioned is established, after an inquiry in accordance with the established procedure of the State, only by a preponderance of evidence.

In this case *held*, that one convicted by a jury and sentenced to death was not denied due process of law because after the verdict one of the jurors became insane and the court, after an inquiry had in accordance with the established procedure of the State, found by a preponderance of evidence that the juror was of sufficient mental capacity during the trial to act as such and therefore refused to set the verdict aside.

The practice of the Massachusetts courts in this case was not inconsistent with the rules of the common law in regard to determining the mental capacity of jurors.

207 Massachusetts, 259, affirmed.

THE facts, which involve the question of whether one convicted in a state court by a jury, a member of which was possibly insane at the time, was denied due process of law, are stated in the opinion.

*Mr. Harvey H. Pratt* and *Mr. Arthur Thad Smith*, with whom *Mr. Charles W. Bartlett* and *Mr. Jeremiah S. Sullivan* were on the brief, for plaintiff in error:

The trial court in refusing to set aside the verdict de-

prived defendant of one of those fundamental rights, the observance of which is indispensable to the liberty of the citizen.

A defendant cannot be deprived of any of his fundamental rights by a form of procedure. There is a limit beyond which state courts cannot go. *Fayerweather* v. *Ritch*, 195 U. S. 276; *Chicago, B. &c. R. R.* v. *Chicago*, 166 U. S. 226; *Brown* v. *New Jersey*, 175 U. S. 172, 175.

Due process of law requires an unquestionably competent tribunal before whom a citizen is tried; a tribunal unquestionably incompetent to render judgment upon him because it contains among its members a person who was unqualified mentally to render a verdict does not constitute due process. *Chicago, B. &c. R. R.* v. *Chicago, supra.*

Any matter relating to the character of the tribunal before which a person is to be tried is one of substance and not one of form. *Thompson* v. *Utah*, 170 U. S. 343.

The refusal of the trial court to set aside the verdict and sentence of death based upon the verdict of a jury, one of the members of which was incompetent mentally, deprived defendant of one of his fundamental rights.

There is the clearest line of demarcation between the mental disqualification of a juror and the disqualifications and irregularities that have been declared by this court to be within the power of the States to pass upon, and with which this court will not interfere. *Kohl* v. *Lehlback*, 160 U. S. 293; *Wassum* v. *Feeney*, 121 Massachusetts, 93; *Commonwealth* v. *Wong Chung*, 186 Massachusetts, 231, do not apply.

In Massachusetts there are certain grounds for a new trial that require a new trial to be granted as matter of law and which if they exist do not permit the court to refuse a new trial as a matter of discretion. *Read* v. *Cambridge*, 124 Massachusetts, 567; *Sargent* v. *Roberts*, 1 Pick. 337; *Shea* v. *Lawrence*, 1 Allen, 167; *Merrill* v. *Nary*, 10 Allen, 16.

Under the Fourteenth Amendment the duty of seeing to it in the first instance that due process of law is observed in the trial of the citizen, devolves, necessarily, on the State. The conduct of the courts and the procedure therein is placed exclusively in the power of the State and to the State is entrusted the duty of seeing to it that the constitutional rights of citizens are retained for them. *Allen* v. *Georgia*, 166 U. S. 138, 140; *Chicago &c. R. R.* v. *Chicago*, 166 U. S. 226, 234, 235; *Thompson* v. *Utah*, 170 U. S. 343, 350–355; *Hill* v. *People*, 16 Michigan, 351, 357; *West Virginia* v. *Cartwright*, 20 W. Va. 32, 45; *State* v. *Prescott*, 7 N. H. 287, 292.

Upon the *voir dire*, if the prisoner challenges a juror, even for a disability extrinsic of his mental qualifications, all that is necessary for him to do is to introduce evidence that is sufficient to create a reasonable doubt in the mind of the court; and it is then the duty of the Government to show beyond a reasonable doubt that the juror is a proper one. *Holt* v. *People*, 13 Michigan, 224, 226, 227.

If it appears that a situation exists in which there is any possibility that the jurors were not mentally in condition to perform their duties, the verdict must as a matter of law be set aside. *Commonwealth* v. *Roby*, 12 Pick. 496, 512, 519; *Ryan* v. *Harrow*, 27 Iowa, 494; *Leighton* v. *Sargent*, 31 N. H. 119, 137; *State* v. *Greer*, 22 W. Va. 800, 825, 830; *Kellogg* v. *Wilder*, 15 Johns. 455; *State* v. *Baldy*, 17 Iowa, 39; *Gregg* v. *McDavid*, 4 Harr. 367; *State* v. *Bullard*, 16 N. H. 139; *People* v. *Ransom*, 7 Wend. 417; *Hogshead* v. *State*, 6 Humph. 59; *Wilson* v. *Abrahams*, 1 Hill, 207; *State* v. *Robinson*, 20 W. Va. 85, 145, 152; *Monroe* v. *State*, 5 Georgia, 85, 145–153; *State* v. *Prescott*, 7 N. H. 287; *Jumpertz* v. *People*, 21 Illinois, 375, 411–414; *Maher* v. *State*, 3 Minnesota, 444, 447; *McLain* v. *State*, 10 Yerger, 241; *Woods* v. *State*, 43 Mississippi, 364; *State* v. *Evans*, 21 La. Ann. 321; *Organ* v. *State*, 26 Mississippi, 78; *State* v. *Dolling*, 39 Wisconsin, 396.

Due process of law is not observed if a defendant in a capital case be tried before a less than the constitutional number of jurors, even though the defendant himself consent to such procedure. *Hill* v. *People*, 16 Michigan, 351, 358; *Thompson* v. *Utah*, 170 U. S. 343, 349.

The duty to furnish a constitutional tribunal and to see that due process of law within the meaning of the Constitution is followed throughout the whole proceeding, rests solely upon the State; and where the jury ceases to be a constitutional tribunal, at the suggestion of the prisoner or anyone else, even though the State has at the outset furnished a competent and constitutional tribunal, it is the duty of the State, of its own motion, whether the defendant acquiesce affirmatively or does nothing to stop the proceeding, to undo what has been done. See *Thompson* v. *Utah*, 170 U. S. 143; *Hopt* v. *Utah*, 110 U. S. 574, 590; *Cancemi* v. *People*, 18 N. Y. 128; *Dickinson* v. *United States*, 159 Fed. Rep. 801; *Hill* v. *People*, 16 Michigan, 351.

*Mr. James M. Swift*, Attorney General for the Commonwealth of Massachusetts, with whom *Mr. Walter A. Powers*, Assistant Attorney General, was on the brief, for defendant in error:

The state court cannot be charged with error in its findings of fact, *King* v. *West Virginia*, 216 U. S. 92, 100; nor in its interpretation of the Massachusetts law of procedure in criminal trials, *Twining* v. *New Jersey*, 211 U. S. 78, 91; but the contention that when in a capital case the question of a juror's sanity is raised after verdict, unless the prosecution proves beyond a reasonable doubt that the juror was sane, the due process clause of the Fourteenth Amendment requires that the accused be granted a new trial, is not valid.

The words "due process of law" do not prescribe particular rules or forms of procedure for state trials, *Hurtado* v. *California*, 110 U. S. 516, nor afford a trial by

jury, *Maxwell* v. *Dow*, 176 U. S. 581; *Hallinger* v. *Davis*, 146 U. S. 314; *Howard* v. *Kentucky*, 200 U. S. 164. See also *Missouri* v. *Lewis*, 101 U. S. 22, 31; *Louisville & Nashville R. R. Co.* v. *Schmidt*, 177 U. S. 230, 236.

Due process of law requires only that the conduct of the case be in accordance with the regular procedure of the State, and that such procedure shall not deprive the accused of a fundamental right. *Walker* v. *Sauvinet*, 92 U. S. 90, 93; *Allen* v. *Georgia*, 166 U. S. 138, 140; *Howard* v. *Kentucky*, 200 U. S. 164, 173.

Conformance to the Massachusetts law of procedure does not afford an accused a right to have a new trial unless the juror's sanity is proved beyond a reasonable doubt. This pronouncement of the law of Massachusetts by its Supreme Judicial Court is conclusive. *Twining* v. *New Jersey*, 211 U. S. 78, 90; *Howard* v. *Kentucky, supra; Leeper* v. *Texas*, 139 U. S. 462, 467.

By this settled course of procedure the plaintiff in error has not been deprived of one of those fundamental rights, the observance of which is indispensable to the liberty of the citizen, for, that an accused should be granted a new trial unless the juror's sanity is proved beyond a reasonable doubt, is not a fundamental right. *Allen* v. *Georgia, supra; Twining* v. *New Jersey*, 211 U. S. 78, 110.

A State may regulate the number of challenges in criminal cases, *Hayes* v. *Missouri*, 120 U. S. 68; may prescribe the qualifications of jurymen in criminal cases, *In re Jugiro*, 140 U. S. 291; and the number of jurors in criminal cases, *Maxwell* v. *Dow, supra;* and if it is within the power of the State to say both the number and qualifications of jurors in a criminal case, it may well prescribe that eleven jurors and one who qualifies by a fair preponderance of the evidence as to his sanity shall constitute the trial jury. *Hayes* v. *Missouri, supra.*

In the Federal courts, the denial of a new trial is not

assignable error.  *Pickett* v. *United States,* 216 U. S. 456; *Bucklin* v. *United States,* 159 U. S. 682.

There is no rule of the common law which prescribes that in a capital case, unless it be proved beyond a reasonable doubt that the juror was sane, a new trial shall be granted.. In England at common law a person convicted of a capital felony had no right to a new trial.  4 Blackstone's Com. 375, 376.  This rule continued in force as to capital felonies until after the Revolution in America. See *Rex* v. *Mawbey,* 6 Term. R. 638; *Commonwealth* v. *Green,* 17 Massachusetts, 515, 533.

In Massachusetts, although the rule was changed and it was decided in 1822, in *Commonwealth* v. *Green, supra,* that a new trial could be granted in capital cases, yet there was no intimation as to what species of irregularity would operate as a ground for a new trial.  See *Commonwealth* v. *Roby,* 18 Pick. 496.

The common-law rule in America, as evidenced by the decisions of the other States where this question has arisen, does not afford a new trial as claimed by the plaintiff in error.  *State* v. *Howard,* 118 Missouri, 127; *State* v. *Scott,* 1 Hawks (8 N. Car.), 24; *Surles* v. *State,* 89 Georgia, 167; *Wall* v. *State,* 126 Georgia, 549; *Burik* v. *Dundee Woolen Co.,* 66 N. J. L. 420.  *Hogshead* v. *State,* 6 Humph. 59, distinguished.

It appears that the rule of procedure in force in Massachusetts conforms to the settled usage of the common law, and this has always been held to fulfill the constitutional requirement of "due process."  *Hurtado* v. *California, supra; Murray's Lessee* v. *Hoboken Land Co.,* 18 How. 272, 280.

MR. JUSTICE LURTON delivered the opinion of the court.

The plaintiff in error was convicted of the crime of murder in the first degree and sentenced to death, and the judgment was affirmed by the Supreme Judicial Court

of the Commonwealth of Massachusetts.   The case is brought here upon a single question, namely, that the plaintiff in error has been denied due process of law under the Fourteenth Amendment, because he was tried by a jury which included one Willis A. White, concerning whose sanity it is said there existed reasonable doubt.

The jury had been selected in the usual way, and White had been accepted without knowledge by the State or the defendant of any question concerning his mental fitness. It was impanelled on April 20, 1909.   On May 4 it was charged, and on the same day returned a verdict.   On May 10, a motion for a new trial was made, based upon the suggestion by counsel for the prisoner that the juror White, during the hearing and at the time the verdict was agreed upon, was insane and incompetent to participate as a juror.   The motion was heard by two of the trial Justices of the Superior Court, and much oral evidence bearing upon the sanity of the juror was introduced, all of which has been preserved by a bill of exceptions.   At the conclusion of the evidence the prisoner presented no less than seventy-two requests for rulings and findings, made part of the record.   The court found and ruled as follows (207 Massachusetts, 274):

"We find by a fair preponderance of all the evidence as a fact that the juror Willis A. White was of sufficient mental capacity during the entire trial of Chester S. Jordan until after the verdict was returned, to intelligently consider the evidence, appreciate the arguments of· counsel, the rulings of law, the charge of the court, and to arrive at a rational conclusion, and therefore we deny the motion.

"Having found the above fact, we deem it unnecessary to consider the requests for rulings."

The numerous requests for rulings and special findings all relate to the burden of proof and the rules for the weighing of evidence upon the issues presented.

The Supreme Judicial Court, after a consideration of

the evidence upon which this finding was based, ruled that it could not be said that there was not evidence warranting the conclusion of the trial judge.

We shall assume that both the trial court and the Supreme Judicial Court have sustained the verdict of the jury because they were of opinion that it was not essential that the sanity of the juror under the circumstances of this case should be established by more than a fair preponderance of the evidence. The insistence is that thereby the constitutional guarantee of due process of law found in the Fourteenth Amendment has been violated.

That the procedure in this case was in conformity with the constitution and law of Massachusetts is determined by the judgment and opinion of the Supreme Judicial Court.

Subject to the requirement of due process of law, the States are under no restriction as to their method of procedure in the administration of public justice. That the court had jurisdiction and that there was a full hearing upon the issue made by the suggestion of the insanity of the juror is not questioned. "Subject to these two fundamental conditions, which seem to be universally prescribed in all systems of law, this court has up to this time sustained all state laws, statutory or judicially declared, regulating procedure, evidence and methods of trial, and held them to be consistent with due process of law." *Twining* v. *New Jersey*, 211 U. S. 78, 111.

In *Allen* v. *Georgia*, 166 U. S. 138, 140, it is said:

"Without attempting to define exactly in what due process of law consists, it is sufficient to say that, if the Supreme Court of a State has acted in consonance with the constitutional laws of a State and its own procedure, it could only be in very exceptional circumstances that this court would feel justified in saying that there had been a failure of due legal process. We might ourselves have pursued a different course in this case, but that is not

the test. The plaintiff in error must have been deprived of one of those fundamental rights, the observance of which is indispensable to the liberty of the citizen, to justify our interference."

In *Felts* v. *Murphy*, 201 U. S. 123, it appeared that a deaf person was tried and convicted of murder. It was claimed that he had been denied due process of law because he had not heard a word of the evidence, and that the evidence should have been repeated to him through an ear trumpet, although it was not clear that he could have been made to understand by that means. After saying that the state court had jurisdiction of the person and of the subject-matter, this court said (p. 129):

"The appellant was not deprived of his liberty without due process of law by the manner in which he was tried, so as to violate the provisions of the Fourteenth Amendment to the Federal Constitution. That amendment, it has been said by this court, 'did not radically change the whole theory of the relations of the state and Federal Governments to each other and of both governments to the people.' *In re Kemmler*, 136 U. S. 436. 448; *Brown* v. *New Jersey*, 175 U. S. 172, 175.

"We are unable to see how jurisdiction was lost in this case by the manner of trial. The accused was *compos mentis*. No claim to the contrary is made. He knew he was being tried, on account of the killing of the deceased. He had counsel and understood the fact that he was on trial on the indictment mentioned, but he did not hear the evidence. He made no objection, asked for nothing, and permitted his counsel to take his own course. We see no loss of jurisdiction in all this and no absence of due process of law. It is to be regretted that the testimony was not read or repeated to him. But that omission did not affect the jurisdiction of the court."

In *Louisville & Nashville R. Co.* v. *Schmidt*, 177 U. S. 230, 236, it was said:

"It is no longer open to contention that the due process clause of the Fourteenth Amendment to the Constitution of the United States does not control mere forms of procedure in state courts or regulate practice therein. All its requirements are complied with, provided in the proceedings which are claimed not to have been due process of law the person condemned has had sufficient notice and adequate opportunity has been afforded him to defend. *Iowa Central Railway* v. *Iowa,* 160 U. S. 389; *Wilson* v. *North Carolina,* 169 U. S. 586."

Due process implies a tribunal both impartial and mentally competent to afford a hearing. But to say that due process is denied when a competent state court refuses to set aside the verdict of a jury because the sanity of one of its members was established by only a preponderance of evidence, would be to enforce an exaction unknown to the precedents of the past, and an interference with the discretion and power of the State not justified by the demands of justice, nor recognized by any definition of due process.

In criminal cases due process of law is not denied by a state law which dispenses with a grand jury indictment and permits prosecution upon information, nor by a law which dispenses with the necessity of a jury of twelve, or unanimity in the verdict. Indeed the requirement of due process does not deprive a State of the power to dispense with jury trial altogether. *Hurtado* v. *California,* 110 U. S. 516; *Maxwell* v. *Dow,* 176 U. S. 581. When the essential elements of a court having jurisdiction in which an opportunity for a hearing is afforded are present, the power of a State over its methods of procedure is substantially unrestricted by the due process clause of the Constitution.

Touching the power of the States over their procedure for the administration of their police power, Mr. Justice Moody, in *Twining* v. *New Jersey,* cited above, said (p. 114):

"The power of their people ought not to be fettered, their sense of responsibility lessened, and their capacity for sober and restrained self-government weakened by forced construction of the Federal Constitution. If the people of New Jersey are not content with the law as declared in repeated decisions of their courts, the remedy is in their own hands."

The proceeding here in question was in absolute conformity to the Massachusetts law of criminal procedure, and no fundamental principle of justice was violated by a determination of the mental capacity of the juror by a preponderance of the evidence. Neither is there any established rule of the common law inconsistent with the practice adopted in this case. There are many decisions in accord with the Massachusetts view of the law, among them being: *State v. Scott*, 1 Hawks. N. C. 24; *Burik v. Dundee Woolen Co.*, 66 N. J. Law, 420; *State v. Howard*, 118 Missouri, 127; *Surles v. State*, 89 Georgia, 167.

In *Hogshead v. State*, 6 Humphrey (Tenn.), 59, the Supreme Court of Tennessee held that the trial court erred in not granting a new trial when it appeared "probable" that a juror was insane. But in Tennessee the denial of a new trial is assignable as error and reversible upon writ of error.

Our conclusion is that the plaintiff in error has not been denied due process of law, and the judgment is,

*Affirmed.*


MR. JUSTICE PITNEY took no part in the hearing or consideration of this case.