## WASHINGTON v. SMYTH.
### No. 5726.

Circuit Court of Appeals, Fourth Circuit.
April 8, 1948.

W. A. Hall, Jr., of Richmond, Va., for appellant.

Ballard Baker, Sp. Asst. to Atty. Gen., of Virginia, for appellee.

Before PARKER and DOBIE, Circuit Judges, and BRYAN, District Judge.

PER CURIAM.

This is an appeal by the petitioner, William Washington, from an order of the United States District Court for the Eastern District of Virginia, entered December 31, 1947, refusing to issue a writ of habeas corpus.

Petitioner is now being held in the Virginia State Penitentiary as a result of two convictions in the Corporation Court of the City of Newport News, Virginia. No attempt has been made by petitioner to secure a writ of habeas corpus from any court of the State of Virginia.

It has frequently been held that the availability of the writ of habeas corpus in a federal court on behalf of one held in the custody of a State depends upon the exhaustion of State remedies when these are adequate and available. White v. Ragen, 324 U.S. 760, 65 S.Ct. 978, 89 L.Ed. 1348; Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406.

Petitioner has adequate remedies freely available in the trial courts of general jurisdiction and the Supreme Court of Appeals of Virginia has original jurisdiction to issue writs of habeas corpus. Under Section 3517 of the Virginia Code, indigent suitors may sue without payment of costs or fees and counsel may be assigned to them by the court. And the Supreme Court of Appeals may order that the petitioner before it proceed at the expense of the State. Nor is it true, as petitioner asserts, that hearings in the State Courts of Virginia in habeas corpus proceedings are sham and merely a matter of form. There is no reason whatever why petitioner cannot secure ample justice in the courts of the Commonwealth of Virginia.

As was said in Hawk v. Jones, 8 Cir., 160 F.2d 807, 810: "A federal court may not lightly conclude that a state has failed to provide its courts with jurisdiction or adequate process to set aside a conviction in which there has been a violation of federal constitutional rights. * * * And a federal court must also assume that the courts of a state, and especially its highest court, in the co-equal duty under Art. 6, cl. 2, of the Constitution to vindicate federal constitutional rights, will exercise every power possessed by them to correct a violation of such rights in a criminal conviction, if the situation fairly and justly on the circumstances calls for relief."

The judgment of the District Court is affirmed.

Affirmed.