A. Matthew BUDER, Petitioner-Appellee,

v.

Thomas E. BELL, Sheriff of Genesee County, Michigan, Respondent-Appellant.

No. 14701.

United States Court of Appeals Sixth Circuit.

July 27, 1962.

Robert F. Leonard, Flint, Mich. (Walter P. Kuta, Prosecuting Atty., Robert F. Leonard, Asst. Prosecutor, Flint, Mich., on brief), for appellant.

Paul V. Gadola, Jr., A. Matthew Buder, Flint, Mich., per se, for appellee.

Before MILLER, Chief Judge, and CECIL and WEICK, Circuit Judges.

CECIL, Circuit Judge.

This is an appeal from an order of the United States District Court for the Eastern District of Michigan, Northern Division, granting a writ of habeas corpus to the petitioner-appellee, A. Matthew Buder.

The petitioner and a co-defendant were tried and convicted in the Circuit Court for the County of Genesee, Michigan, on an information charging them with soliciting a personal injury case, in violation of Section 28.642, M.S.A., Comp. Laws 1948, § 750.410. The offense is a misdemeanor and the petitioner was placed on probation with a provision that he was to pay costs in the amount of twelve hundred dollars ($1200) and spend the first thirty-five days in jail.

Petitioner applied to the Supreme Court of Michigan for leave to appeal, which was denied without opinion. Thereafter he began serving his sentence in the Genesee County Jail. After denial of leave to appeal he made application to the Supreme Court of the United States for a stay of execution. Attached to this was a petition for a writ of certiorari. The application for stay of execution was denied and the petition for certiorari was not filed, for the reason that the petitioner had served approximately half of his time and he thought the time would expire before it could be heard.

A petition for writ of habeas corpus was filed in the Michigan Supreme Court, after the District Judge had first refused to entertain such a petition on the ground that he had not exhausted his state remedies. This was denied and the present action was begun in the District Court by a petition for reconsideration of the original action.

Upon a hearing, the District Judge found that the state trial judge abused his discretion, amounting to a denial of due process of law, (1) in that he refused to allow the defense to recall the people's witness, Maxine McCord, for recross-examination; (2) in failing to instruct the jury on reasonable doubt and presumption of innocence, when giving an instruction requested by both sides, on the jury's duty to agree, after it had indicated that it was deadlocked; and (3) in refusing to permit the appellee to introduce proofs relative to his professional relationship to his co-defendant, John Bogart. On these findings he entered an order, May 10, 1961, releasing the petitioner from custody.

The respondent filed a motion for rehearing May 24th, which was denied June 1, 1961. On the same day a notice of appeal and a petition and motion for certificate of probable cause were filed. The District Judge refused to issue a certificate of probable cause on June 20th. (Dates taken from clerk's transcript of docket and journal entries.) He also refused to sign an order extending the time to prepare and file the record for docketing the case in the Court of Appeals. A judge of this Court, on July 10, 1961, issued a certificate of probable cause and granted an extension of sixty days for preparing and forwarding the record of the District Court to the Court of Appeals and for docketing the appeal.

The petitioner filed a motion in this Court to quash the certificate of probable cause and to dismiss the appeal. He claimed that the failure to have such certificate issued within thirty days of either the date when the order of release was first issued (May 10th) or the date of denying the motion for rehearing (June 1st) was a fatal defect which deprived this Court of jurisdiction to grant it. This motion was denied as well as a motion for rehearing and the petitioner was given leave to raise the question

again in his brief and argument on the merits of the appeal.

■■ It should be noted that Section 2253, Title 28 U.S.C., which requires a certificate of probable cause, fixes no time limit for its issuance. It should also be noted that although the motion for the certificate was filed within thirty days of the original order, the judge did not enter his order of denial for twenty days. We are of the opinion that the motion was timely filed. A timely applicant should not be prejudiced by the delay of a judge in ruling on the application. Ex parte Farrell, 189 F.2d 540, C.A.1, cert. denied, Farrell v. O'Brien, 342 U.S. 839, 72 S.Ct. 64, 96 L.Ed. 634; Boyden v. Webb, 208 F.2d 201, C.A.9.

There are other cases which seem to require. that the certificate be issued within thirty days. Strand v. Schmittroth, 233 F.2d 598, C.A.9, (the opinion in this case cited by appellee was withdrawn, 251 F.2d 590); United States ex rel. Carey v. Keeper of Montgomery County Prison, 202 F.2d 267, C.A.3, cert. denied 345 U.S. 930, 73 S.Ct. 793, 97 L. Ed. 1360; United States ex rel. Kreuter v. Baldwin, 49 F.2d 262, C.A.7.

We consider the better rule to be stated in Ex parte Farrell cited above.

■ It was held in United States ex rel. Tillery v. Cavell, 3 Cir., 294 F.2d 12, 14, that it was not necessary for a state or its representatives to obtain a certificate of probable cause when it appealed from an order releasing a prisoner on a writ of habeas corpus. This is a well-reasoned opinion, the principle announced is sound, and we follow it now, as we did in denying the motion to quash. Our jurisdiction is thus sustained on two grounds.

■■ The respondent-appellant questions the jurisdiction of the District Court to hear the appellee's petition, on the ground that he did not apply to the Supreme Court of the United States. The District Judge assumed jurisdiction without such application for certiorari, as stated in his order of June 1, 1961, for the reason, as he found, that the pe-

tition for reconsideration related such exceptional circumstances as to cause any other process to be unavailable to the petitioner. One of the claims made in the petition is that due to the imminence of the expiration of the sentence it would have been futile to make application to the Supreme Court of the United States for a writ of certiorari. It was indicated in Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761 and Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541, rehearing denied, 343 U.S. 937, 72 S.Ct. 768, 96 L.Ed. 1344, that an application for certiorari must be made unless excused by "exceptional circumstances." We cannot say that a finding by the District Judge that this constituted "exceptional circumstances," is clearly erroneous or an abuse of discretion. We, therefore, do not find that the District Court was without jurisdiction to hear the petition.

As heretofore stated, the District Judge found three areas of conduct on the part of the trial judge in which the petitioner was denied due process of law. Only these three are argued by counsel for the appellant, but the petitioner raises five questions, all of which were apparently presented to the District Judge. We will discuss each of them.

■ It is a well-established principle of law that a habeas corpus proceeding cannot be used as a substitute for an appeal. Woolsey v. Best, Warden, 299 U.S. 1, 57 S.Ct. 2, 81 L.Ed. 3; Hicks v. People of the State of Michigan, 281 F.2d 645, C.A.6; Armstrong v. Bannan, 272 F.2d 577, C.A.6, cert. denied 362 U.S. 925, 80 S.Ct. 679, 4 L.Ed.2d 743; Wooten v. Bomar, 267 F.2d 900, C.A.6, cert. denied 361 U.S. 888, 80 S.Ct. 161, 4 L.Ed.2d 122. The question immediately arises whether the complaints made by the petitioner, growing out of the conduct of the trial, rise to the level of a denial of due process or are merely matters of error to be determined on appeal.

■ In Michigan, appeal to the Supreme Court in criminal cases is granted only on leave. (28.1100, M.S.A., Comp. Laws 1948, § 770.3.) All of the ques-

tions here presented, concerning the conduct of the trial, were or could have been submitted to the Supreme Court in the application for leave to appeal. That court issued an order that after "due consideration" the application was denied. We must assume that the court did its duty and considered all of the questions, to the extent of determining that they were not meritorious. Washington v. Smyth, 4 Cir., 167 F.2d 658, 659.

■■ The first charge of misconduct in the trial made by the petitioner relates to the selection of the jury. He recites six deviations from the provisions of the Michigan statutes in drawing jurors. These are all technical in nature and there is no evidence that any of the jurors did not meet the qualifications of jurors for the state of Michigan. Neither is there any evidence that there was any intentional or planned departure from the statutes or that any particular group of society was excluded from the jury lists. Even though there had been strict compliance with the statutes, the character of the jury and the type of jurors would have been the same. Hoyt v. Florida, 368 U.S. 57, 59, 82 S.Ct. 159, 7 L.Ed.2d 118; Fay v. New York, 332 U.S. 261, 67 S.Ct. 1613, 91 L.Ed. 2043. We find no unfairness to the petitioner in the trial resulting from the method of selecting the jury. "It is well settled that the Fourteenth Amendment due process clause does not guarantee the right to a jury trial in state criminal proceedings. Maxwell v. Dow, 1900, 176 U.S. 581, 20 S.Ct. 494, 44 L.Ed. 597; Jordan v. Commonwealth of Mass., 1912, 225 U.S. 167, 32 S.Ct. 651, 56 L.Ed. 1038; Fay v. People of the State of New York, 1947, 332 U.S. 261, 67 S.Ct. 1613, 91 L.Ed. 2043; Application of Tune, 3 Cir., 1956, 230 F.2d 883; Hughes v. Heinze, 9 Cir., 1959, 268 F.2d 864. It has been said that a State may partially or completely do away with a jury system without violating the Fourteenth Amendment; Jordan v. Commonwealth, supra; Hughes v. Heinze, supra. However, while the Fourteenth Amendment does not require the state to grant a jury trial, it does require that the accused be given a fair trial." United States ex rel. Tillery v. Cavell, 294 F.2d 12, 19. See also: Snyder v. Massachusetts, 291 U.S. 97, 105, 54 S.Ct. 330, 78 L.Ed. 674.

The District Judge made no finding of violation of the due process clause in the manner of selecting the jury. We conclude that there was no such violation.

■ Another claim made by the petitioner, upon which the District Judge made no finding, is to the effect that the trial judge had prejudged his case and was thus disqualified to conduct the trial. In denying the petitioner's motion to dismiss the charge because of errors of the examining magistrate, the judge said: "The Court from the reading of such testimony (before the examining magistrate) being convinced that the testimony establishes the fact that the crime charged had been committed and that there was probable cause to believe the Respondent, A. Matthew Buder, had committed it,"—

Section 28.931, M.S.A., Comp.Laws 1948, § 766.13 provides, in part, "If it shall appear to the magistrate upon the examination of the whole matter, that an offense * * * has been committed and there is probable cause for charging the defendant therewith, said magistrate shall forthwith bind such defendant to appear before the circuit court of such county * * * for trial." The trial judge had to make a finding that an offense had been committed in order to sustain the charge. We think he did not go beyond the bounds of propriety—he did not express an opinion as to the guilt or innocence of the petitioner. We find no merit to the claim that it amounted to a denial of due process of law.

■■ Other questions raised are evidentiary in character. They relate to the admission of evidence, and recalling and cross-examining witnesses. These matters are peculiarly within the province of the trial judge. Glasser v. United States, 315 U.S. 60, 83, 62 S.Ct. 457, 86 L.Ed. 680; Lohman v. United States, 266 F.2d 3, C.A.6, cert. denied 361 U.S.

923, 80 S.Ct. 290, 4 L.Ed.2d 239; Gariepy v. United States, 220 F.2d 252, 263, cert. denied 350 U.S. 825, 76 S.Ct. 53, 100 L.Ed. 737. He has a wide latitude and discretion in these respects in the conduct of a trial and if he errs it may be the subject of an appeal. Rarely would such errors warrant a collateral attack on a judgment of conviction as being a denial of due process of law. We find no merit to the petitioner's contention that his constitutional rights were invaded by the trial judge's ruling on evidentiary questions.

■ Lastly, the petitioner contends that the trial judge erred to the extent of denying him due process in giving the jury the Allen charge, (Allen v. United States, 164 U.S. 492, 501, 17 S.Ct. 154, 41 L.Ed. 528) when it appeared to be deadlocked. Both the prosecution and the defense requested the charge, in order that the jury might reach an agreement, rather than have to retry the case. The objection is that in giving the charge, the judge did not charge on reasonable doubt and presumption of innocence. The charge is in all other respects correct. The judge had adequately and correctly instructed the jury on presumption of innocence and reasonable doubt in his original instructions. The purpose of the instruction was to urge the jurors to give due consideration to each other's arguments and reasoning and see if by further consideration they could not agree on a verdict. The petitioner claimed that he understood the entire charge would be repeated. There was no question about the substantive law involved. It is not customary to repeat the entire charge when the Allen charge is given nor do we see any reason why it should have been done here. We find no error here, much less a denial of due process.

■ The Supreme Court has defined due process as follows: "Due process of law is a summarized constitutional guarantee of respect for those personal immunities which, as Mr. Justice Cardozo twice wrote for the Court, are 'so rooted in the traditions and conscience of our people as to be ranked as fundamental,' * * * or are 'implicit in the concept of ordered liberty'." Denial of due process is conduct that "shocks the conscience" and offends "'a sense of justice'." Rochin v. California, 342 U.S. 165, 169, 172, 173, 72 S.Ct. 205, 96 L.Ed. 183. See also: Brown v. Mississippi, 297 U.S. 278, 56 S.Ct. 461, 80 L.Ed. 682; Snyder v. Massachusetts, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674.

In hearing the arguments and in studying the briefs in this case, the Court could not escape the feeling that it was being presented on direct appeal. Whatever merit there may be to the claims made by the appellee, they are purely matters to be passed on in an appellate proceeding rather than a collateral attack on the judgment. They do not rise to the level of violations of the due process clause of the Fourteenth Amendment of the Constitution of the United States. The judgment of the District Court is contrary to law and cannot be sustained.

The judgment of the District Court is reversed, the case remanded to the District Court with instructions to enter judgment for the respondent, and order the petitioner returned to the custody of the respondent.