**Demarlo BERRY, Petitioner–Appellant,**

v.

**George GRIGAS, Respondent–Appellee.**

No. 04–16398.

D.C. No. CV–02–00194–JCM/RJJ.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 13, 2006.

Decided March 16, 2006.

Demarlo Berry, Indian Springs, NV, pro se.

Rene L. Hulse, Office of the Nevada Attorney General, Las Vegas, NV, for Respondent–Appellee.

Before HUG, ALARCÓN, and MCKEOWN, Circuit Judges.

MEMORANDUM *

Demarlo Berry, a state prisoner, appeals the denial of his petition for writ of habeas

---

* This disposition is not appropriate for publica-tion and may not be cited to or by the courts

corpus, filed pursuant to 28 U.S.C. § 2254. The central issue on appeal is whether Mr. Berry was denied effective assistance of counsel when his attorney advised him to accept a nonunanimous jury verdict. We affirm the denial of Mr. Berry's petition because we conclude Mr. Berry failed to demonstrate that he was denied the effective assistance of counsel.

## I

Mr. Berry pled not guilty to a three count indictment for burglary, robbery with use of a deadly weapon, and murder with the use of a deadly weapon. Trial began May 8, 1995 and the jury retired to deliberate May 19, 1995. Three days later, the court informed counsel that the jury was deadlocked 11–1, explaining "we do not know whether it is for guilty or not guilty." After further deliberation, on May 23, the jury again advised the court it was deadlocked 11–1, and that one of the jurors had alleged that another juror was prejudiced.

After conferring with opposing counsel in chambers over a possible agreement providing for the acceptance of a nonunanimous verdict, Mr. Berry's counsel stated that "if the Court is inclined to grant a mistrial at this point based upon the jury being hung, our client, after listening to our views and a review of the facts of the case, it is his decision as well that at this point we would ... accept a non-unanimous verdict ... [provided the State] withdraw the death penalty should the verdict be guilty[.]" Mr. Berry stated "that's all correct your honor." Upon further inquiry from the trial court, Mr. Berry again stated his approval of the agreement.

The agreement provided that the State would seek a life sentence with, or without, the possibility of parole if the defendant

were found guilty. To be effective, the agreement provided that an 11–1 verdict was required. After the parties set forth the terms of the agreement on the record, the district court again inquired of Mr. Berry whether it was acceptable to him. Mr. Berry stated that it was. The jury voted guilty on all counts in a 11–1 verdict.

After exhausting his claim in state court that he was denied effective assistance of counsel, Mr. Berry filed a § 2254 petition. The district court denied his petition. This court has jurisdiction over this timely appeal pursuant to 28 U.S.C. § 2253.

## II

Mr. Berry contends he was denied effective assistance of counsel because his counsel's legal research was deficient. Mr. Berry maintains the Sixth Amendment is violated if a state trial court accepts an 11–1 verdict unless there is a clear provision of state law authorizing the acceptance of a less than unanimous jury verdict. Claims of ineffective assistance of counsel are evaluated pursuant to the standard enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The standard has two components. "First, the defendant must show that counsel's performance was deficient." *Id.* at 687, 104 S.Ct. 2052. "Second, the defendant must show that the deficient performance prejudiced the defense." *Id.* at 687, 104 S.Ct. 2052.

Habeas relief may not be granted with respect to any claim adjudicated on the merits in state court unless adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an

of this circuit except as provided by Ninth Circuit Rule 36–3.

unreasonable determination of the facts in light of evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). As the Court explained in *Williams v. Taylor,*

> [u]nder the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 412–413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). For the writ to issue, the state court's application of federal law must be objectively unreasonable. *Lockyer v. Andrade,* 538 U.S. 63, 75–6, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003).

In *Johnson v. Louisiana,* 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972), the Supreme Court held that portions of the Louisiana Constitution and Code of Criminal Procedure providing for less-than-unanimous verdicts in non-capital cases do not violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment. *Id.* at 358–59, 92 S.Ct. 1620. Commenting that it "has never held jury unanimity to be a requisite of due process of law[,]" the Court also stated "in criminal cases due process of law is not denied by a state law ... which dispenses with the necessity of a jury of twelve, or unanimity in the verdict." *Id.* at 359, 92 S.Ct. 1620 (quoting *Jordan v. Massachusetts,* 225 U.S. 167, 176, 32 S.Ct. 651, 56 L.Ed. 1038 (1912)).

■ In *Apodaca et al. v. Oregon,* 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972), in a plurality opinion, the Court rejected the argument that a conviction of a crime by a less-than-unanimous jury pursuant to Article I, § 11 of the Oregon Constitution "violates the right to trial by jury in criminal cases specified by the Sixth Amendment and made applicable to the States by the Fourteenth [Amendment of the U.S. Constitution]." *Id.* at 406, 92 S.Ct. 1628. In his concurring opinion, Justice Powell commented that "a defendant in a state court may constitutionally be convicted by less than a unanimous verdict." *Id.* at 369, 92 S.Ct. 1620. Accordingly, there is no clearly established federal authority to support the proposition that jury unanimity is required in noncapital criminal trials conducted in state court.

It follows that the instant writ was properly denied because the decision by the state court was not contrary to, and did not involve the unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1).

### III

■ Mr. Berry also argues that the Nevada Supreme Court was incorrect in concluding state law permits waiver of a unanimous verdict. But that is not a federal question. *Hughes v. Heinze,* 268 F.2d 864, 869–870 (9th Cir.1959). It is beyond the scope of a federal writ of habeas corpus to review questions of pure Nevada law. *See* 28 U.S.C. 2254(d).

### IV

■ Mr. Berry argues competent counsel would have advised him to insist on "his right to a unanimous verdict or a retrial on all counts" and should have informed Berry that a hung jury "was a victory." We disagree. The declaration of a mistrial would likely have led to a second trial. Upon retrial, Mr. Berry could have been convicted and sentenced to death.

Counsel's advise may well have saved Mr. Berry from receiving the death penalty. Accordingly, his trial counsel's strategy lies well within the range of professionally reasonable judgments.

## V

Mr. Berry maintains he is entitled to an evidentiary hearing so that he can develop facts to help substantiate his claim for ineffective assistance of counsel. The denial of an evidentiary hearing by a federal district court in a habeas proceeding is reviewed for abuse of discretion. *Karis v. Calderon*, 283 F.3d 1117, 1126 (9th Cir. 2002).

"[W]here an applicant has diligently sought to develop the factual basis of a claim for habeas relief, but has been denied the opportunity to do so by the state court, § 2254(e)(2) will not preclude an evidentiary hearing in federal court." *Baja v. Ducharme*, 187 F.3d 1075, 1078 (9th Cir.1999) (internal citation and quotation marks omitted). If the applicant was not diligent enough to develop the factual basis of his claim in state court, he is not entitled to an evidentiary hearing unless he can show that "efforts to discover the facts would have been in vain, *see* § 2254(e)(2)(A)(ii), and there is a convincing claim of innocence, *see* § 2254(e)(2)(B)." *Williams*, 529 U.S. at 435, 120 S.Ct. 1479; 28 U.S.C. § 2254(e). Diligence usually requires that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law. *Williams*, 529 U.S. at 437, 120 S.Ct. 1479.

■ Mr. Berry argues the state court's hearing on his incompetency of counsel claim was inadequate. However Mr. Berry has failed to demonstrate, as he must, that the state-court fact-finding process was defective in some material way. *Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir.2004).

Mr. Berry cites *Lambright v. Stewart*, 241 F.3d 1201, 1206 (9th Cir.2001) to support his contention that a habeas petitioner should get an evidentiary hearing when the petitioner sets forth a colorable claim of ineffective assistance of counsel. *Lambright* is inapposite because Mr. Berry did not set forth a colorable claim of ineffective assistance of counsel.

Mr. Berry maintains the lower court could not have cogently determined his ineffective assistance of counsel claim without conducting an evidentiary hearing. The record of the guilt phase proceedings shows that Mr. Berry's trial counsel discussed the issues surrounding the waiver with her client. Mr. Berry informed the state court that counsel told him that the trial judge was prepared to declare a mistrial and discussed the consequences of a waiver of a unanimous jury verdict. Contradicting his statements to the trial court, Berry now claims that his trial attorneys failed to apprise him of the options and consequences he faced at the time he waived his right to a unanimous verdict. The trial court did not abuse its discretion in denying Mr. Berry's request for an evidentiary hearing.

## VI

■ Mr. Berry contends the district court erred in denying his request for appointment of counsel. State prisoners do not have a constitutional right to counsel when mounting collateral attacks upon the judgement of a state court pursuant to § 2254. *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). The district court's denial Mr. Berry's request for appointment of counsel is reviewed for abuse of discretion. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987).

In the instant case, the issues are straightforward. Mr. Berry is in posses-

sion of all the relevant facts. In cases such as the one at bar, where Mr. Berry's district court pleadings illustrate he had a good understanding of the issues presented, and the ability to coherently present his contentions, the failure of a district court to appoint counsel is not an abuse of discretion. *Id.* at 626 (holding that the district court did not abuse its discretion in failing to appoint counsel where the prisoner's "district court pleadings illustrate to us that he had a good understanding of the issues and the ability to present forcefully and coherently his contentions"); *see also Dillon v. United States*, 307 F.2d 445, 447 (9th Cir.1962) (holding that appointment of counsel is necessary when the "difficulties involved in presenting a particular matter are such that a fair and meaningful hearing cannot be had without the aid of counsel").

AFFIRMED.