FIRST DIVISION
December 26, 2006

No. 1-05-0725

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 04 CR 12194 |
| | ) | |
| KELVIN JONES, | ) | Honorable |
| | ) | Thomas R. Sumner, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE CAHILL delivered the opinion of the court:

Defendant, Kelvin Jones, was convicted of burglary and sentenced to 11 years' imprisonment after a jury trial. Defendant now appeals, contending that he was denied a fair trial because one juror was described by the court as "half asleep" during the trial. In the alternative, defendant contends he was denied the effective assistance of counsel when his trial counsel failed to take remedial action. We reverse and remand for a new trial.

The evidence at trial revealed that on May 4, 2004 at approximately 9:20 p.m., Officer Tim Bassie of the Union Pacific Railroad police witnessed defendant and another person climb an embankment and concrete wall at the Morgan Street railroad yard in Chicago. Defendant then climbed onto a railcar while the other person remained nearby. Bassie saw defendant break a plastic seal on one of the containers atop the railcar. Bassie then called on his radio for police

assistance for a burglary in progress. After breaking the plastic seal, defendant used a pipe to bend the metal security bolt until it broke. Bassie testified that he saw defendant open the door to the container and climb "[h]alf in, half out" of the container, but he did not see what defendant was doing inside the container. Defendant then climbed out of the container, closed the door, climbed down to the ground, walked "a couple cars [to the] east" with the other person, and both climbed onto another railcar.

Defendant pulled off the plastic seal from a container on top of that railcar and was in the process of breaking off the metal security bolt when police officers for the University of Illinois at Chicago (UIC police) arrived. The person with defendant jumped off the railcar and ran to the south. Although Bassie notified others of this, that person escaped. Defendant jumped off the railcar and ran to the east with a pipe in his hands. Officer Thomas Phillips of the UIC police appeared approximately 30 feet in front of defendant and blocked his flight. Defendant scrambled under the railcar with pipe in hand, but Phillips ran to the other side and pulled defendant out. Defendant was arrested, and Phillips took custody of the pipe.

After the State rested and outside the presence of the jury, defense counsel lodged an objection based on her belief that the State's Attorney said " [']oh, Jesus['] or words to that effect." The State responded, " I'm sorry if it sounded derogatory, but I [said] she--oh, she's doing it[.] I did not say oh, Jesus. I'm an oh God, not an oh Jesus girl." The court admonished both parties to be careful with their remarks. The following exchange then occurred:

> "[THE COURT:] *** I'm not sure that *** anybody on the jury heard it
>
> ***. I usually pay pretty close attention to what the lawyers do. I also pay

attention to the jurors. So I know that the lady in the back seat was half asleep during almost the entire proceeding. So I assume you guys saw that, right?

MS. SEAGO [Defense attorney]: It's getting a little late.

THE COURT: That's not my question. Did you see it?

MS. AHMAD [Defense attorney]: Yes.

THE COURT: Okay.

MS. AHMAD: I can be assured that she didn't hear it because she was asleep.

THE COURT: This is the reason I brought it up. It's my opinion that if a juror appears to be asleep, you should bring it to the Court's attention. Because it's not going to always be my job to do it. It's not my case. I'm just here. Trying to make sure the defendant gets a fair trial. But if it looks like the person is asleep, that means somebody is not listening.

So if you see it, you got to bring it to my attention."

The court then denied defendant's motion for a directed verdict, and the defense rested. Following closing arguments and jury instructions, the jury returned a verdict of guilty, and defendant was sentenced to 11 years' imprisonment. This appeal follows.

Defendant contends that he was denied a fair trial because a juror "slept through the trial," and neither the trial court nor his trial counsel took remedial action. The State first responds that defendant has waived this issue on appeal because defendant failed to object at trial and raise this issue in a posttrial motion. In support, the State cites People v. Silagy, 101 Ill. 2d 147 (1984),

People v. Harris, 123 Ill. 2d 113 (1988), and People v. Nix, 150 Ill. App. 3d 48 (1986). The State's reliance is misplaced.

In Silagy, the court specifically noted that the defendant did not show that the "challenged juror slept regularly during the trial," and that the trial court found the evidence insufficient to prove the juror slept at any time. Silagy, 101 Ill. 2d at 171. In Harris, the trial judge only noticed a juror "nodding once" during the guilt phase of the defendant's trial and had conducted an *in camera* interview of the juror to address her "post-verdict misgivings." Harris, 123 Ill. 2d at 161. Finally, in Nix, this court applied waiver to the defendant's postconviction petition alleging a sleeping juror because of the defendant's failure to bring the matter to the attention of the court. Nix, 150 Ill. App. 3d at 50. Here, the record establishes that the trial court was aware of the juror's inattentiveness "during almost the entire proceeding."

Where the defendant has failed to make a timely objection, we may review the matter under a plain error standard of review. See 134 Ill. 2d R. 615(a); People v. Thurow, 203 Ill. 2d 352, 363 (2003). Under this standard, a reviewing court may consider a forfeited error when either "(1) the evidence is close, regardless of the seriousness of the error, or (2) the error is serious, regardless of the closeness of the evidence." People v. Herron, 215 Ill. 2d 167, 187 (2005). If the evidence is close, the defendant must show prejudice, *i.e.*, "the error alone severely threatened to tip the scales of justice against him." Herron, 215 Ill. 2d at 187. Where, as here, the evidence is not closely balanced, the defendant must prove there was plain error and that the error was so serious that it compromised the fairness of the defendant's trial and challenged the integrity of the judicial process. Herron, 215 Ill. 2d at 187, citing People v. Keene, 169 Ill. 2d 1,

17 (1995). Prejudice to the defendant is presumed because of the importance of the right involved, " '*regardless* of the strength of the evidence [supporting the defendant's guilt].' " (Emphasis in original.) Herron, 215 Ill. 2d at 187, quoting People v. Blue, 189 Ill. 2d 99, 138 (2000). So we will address defendant's claim of error, turning first to the issue of whether a trial judge has an affirmative duty to ensure an attentive jury in a criminal case.

When faced with possible juror misconduct, it is within the sound discretion of the trial court whether to reopen *voir dire*, and we review the trial court's actions for an abuse of that discretion. People v. Gorgis, 337 Ill. App. 3d 960, 973 (2003).

Although there are no decisions in Illinois on the affirmative duty of the court to ensure an attentive jury, we do know that a juror who is inattentive for a substantial portion of a trial has been found to be unqualified to serve on the jury. See Tanner v. United States, 483 U.S. 107, 126, 97 L. Ed. 2d 90, 110, 107 S. Ct. 2739, 2751 (1987) ("This Court has recognized that a defendant has a right to 'a tribunal both impartial and mentally competent to afford a hearing.' " quoting Jordan v. Massachusetts, 225 U.S. 167, 176, 56 L. Ed. 1038, 1042, 32 S. Ct. 651, 652 (1912)); United States v. Freitag, 230 F.3d 1019, 1023 (7th Cir. 2000) (holding that a sleeping juror should be removed from the jury if his sleep either makes it impossible to perform his duties or would otherwise deny the defendant a fair trial); Samad v. United States, 812 A.2d 226, 230 (D.C. 2002) (holding that brief, nonprejudicial lapses in attention may be excused, but prolonged juror inattentiveness in a criminal trial jeopardizes a defendant's fifth and sixth amendment rights to a fair trial); State v. Turner, 186 Wis. 2d 477, 521 N.W.2d 148 (App. 1994) (holding that prejudice is assumed if it is determined that a juror missed material testimony bearing on a

defendant's guilt or innocence); People v. Simpkins, 16 A.D.3d 601, 792 N.Y.S.2d 170 (2005) (holding that a juror who was repeatedly seen sleeping during trial was "grossly unqualified"); see also United States v. Barrett, 703 F.2d 1076, 1083 (9th Cir. 1983) (holding that the trial court has a duty to investigate when a juror directly informs the court that he had been sleeping during trial); United States v. Cameron, 464 F.2d 333, 334-35 (3d Cir. 1972) (holding that a juror who cannot remain awake during much of the trial is unable to perform his duty), accord United States v. Smith, 550 F.2d 277, 285-86 (5th Cir. 1977).

With these precedents in mind, we address the dispositive fact in this case: the trial judge, without a prompt from the prosecution or the defense, stated on the record that a juror appeared to the judge to have been half asleep through most of the trial. Under these circumstances, we hold that the trial court, on its own motion, must make further inquiry to ensure that the defendant receives a fair trial.

The State argues that according to United States v. Tierney, 947 F.2d 854 (8th Cir. 1991), the defendant must establish that a juror failed to follow some important or essential part of the trial. But Tierney is distinguishable: the court in Tierney specifically noted that the defendant did not show that the challenged jurors "*ignored any particularly important items*," and that the defendant made a "general assertion that [certain] jurors slept through *parts* of" the trial. (Emphasis added.) Tierney, 947 F.2d at 868-69.

Here, it was the trial judge who observed that the juror was "half asleep during *almost the entire* proceeding." (Emphasis added.) We see no point to a rule that would compel the defendant to repeat what was already known by the court. Given the possibility of a juror's

inattentiveness during "almost the entire proceeding," we hold that there was an abuse of discretion in failing to reopen *voir dire*.

The right to a trial by an impartial tribunal is "so basic that a violation of that right requires a reversal." People v. Cole, 54 Ill. 2d 401, 411 (1973).

Because of this ruling, we need not address defendant's argument that his trial counsel should have taken remedial action.

We reverse the judgment of the circuit court of Cook County and remand the cause for a new trial.

Reversed; cause remanded.

McBRIDE, P.J., and GARCIA, J., concur.