NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2781-16T3

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

DALE A. ROBERTS,

 Defendant-Appellant.
_______________________________

 Submitted September 12, 2017 – Decided September 20, 2017

 Before Judges Fisher and Fasciale.

 On appeal from Superior Court of New Jersey,
 Law Division, Monmouth County, Indictment No.
 15-10-1795.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Peter T. Blum, Assistant Deputy
 Public Defender, of counsel and on the brief).

 Christopher J. Gramiccioni, Monmouth County
 Prosecutor, attorney for respondent (Mary R.
 Juliano, Assistant Prosecutor, of counsel and
 on the brief).

PER CURIAM

 After having been found guilty by a jury, defendant appeals

from his convictions for third-degree theft of movable property,

N.J.S.A. 2C:20-3(a) (Count One); third-degree forgery, N.J.S.A.
2C:21-1(a)(2) (Count Two); and third-degree uttering a forged

instrument, N.J.S.A. 2C:21-1(a)(3) (Count Three). The judge

granted the State's motion for an extended term, treated defendant

as a persistent offender pursuant to N.J.S.A. 2C:44-3(a), and

sentenced defendant to an aggregate seven-year prison term with

twenty-eight months of parole ineligibility.1 We affirm, but

remand for re-sentencing.

 On appeal, defendant raises the following arguments:

 POINT I
 A NEW TRIAL SHOULD OCCUR BECAUSE THE [JUDGE]'S
 FAILURE TO ACT WHEN A JUROR WAS HAVING A
 PROBLEM HEARING DEPRIVED [DEFENDANT] OF A FAIR
 JURY. U.S. CONST. AMENDS. VI, XIV; N.J. CONST.
 ART. I, [¶¶] 1, 10. ([N]ot raised below)[.]

 POINT II
 [DEFENDANT]'S SENTENCE SHOULD NOT HAVE A
 PAROLE DISQUALIFIER - - AS THE [JUDGE]
 ORIGINALLY INTENDED - - BECAUSE THE [JUDGE]
 IMPOSED A DISQUALIFER ONLY WHEN INCORRECTLY
 INFORMED THAT IT WAS MANDATORY.

 The State concedes the contention raised by defendant in

Point II. As a result, we remand and direct the judge to re-

sentence defendant accordingly. We focus instead on defendant's

argument in Point I. We review this contention for plain error

because defense counsel did not object during the trial. R. 2:10-

1
 The judge merged Counts Two and Three and imposed this sentence
on Count One.

 2 A-2781-16T3
2. Under the facts of this case, we see no error, let alone plain

error.

 Defendant used the victim's home for several months. While

there, defendant located the victim's checkbook, which she had

stored in a kitchen drawer. Defendant wrote himself thirteen

checks totaling approximately $5000 and cashed them without the

victim's knowledge. After the victim confronted defendant about

what he had done, defendant wrote her a letter admitting to his

wrongdoing.

 The trial occurred over three days in September 2016. As

part of the judge's preliminary jury instructions before any

witnesses testified, the judge instructed the jury to "pay careful

attention to all of the testimony." The judge also instructed the

jury, "[i]f you are unable to hear a witness, I ask that you

indicate this to me by raising your hand so that I may instruct

the witness to speak louder and/or clearly."

 The State presented testimony from two witnesses: the victim

and a sergeant. The assistant prosecutor called the victim as the

State's first witness. The victim finished her testimony at

approximately 12:10 p.m., and the assistant prosecutor then

informed the judge that testimony from the sergeant would take

longer than twenty minutes. As a result, the judge released the

jury for an early lunch.

 3 A-2781-16T3
 As the jury was exiting the courtroom, the judge and the

assistant prosecutor briefly discussed the anticipated testimony

from the sergeant. A court clerk then stated to the judge and

counsel:

 THE CLERK: Juror [twelve] is saying that he
 can't hear you guys so if you could talk
 louder. He said you are all coming in very
 low.

 [DEFENSE COUNSEL]: Who is juror [twelve]?

 [ASSISTANT PROSECUTOR]: He's the older
 gentleman.

 [THE JUDGE]: With the sleeve on.

 THE CLERK: Just keep your voices up.

 [DEFENSE COUNSEL]: Okay.

 [Emphasis added.]

 The jury returned after lunch and the assistant prosecutor

called the sergeant to the witness stand. The judge immediately

instructed the jury, "[i]f any juror is having difficulty hearing

anything, just raise your hands and let me know, . . . we'll

endeavor to speak loudly so you can hear without straining." Juror

number twelve did not indicate that he was unable to hear the

victim's testimony, he did not raise his hand during the victim's

testimony, and he did not raise his hand after the judge gave this

instruction.

 4 A-2781-16T3
 Defendant contends for the first time that the judge's

"failure to act[,]" in response to juror twelve's remarks to the

clerk, deprived him of a fair trial. He argues that he is therefore

entitled to a new trial. The premise of defendant's contention

implies, without any credible basis in the record, that juror

number twelve may have been unable to fulfill his duty as a fact

finder. Defendant argues that the court had an obligation to

question juror number twelve, and determine whether the juror

could hear the testimony from the victim.

 Under the United States Constitution, defendants have a due

process right to an "impartial and mentally competent" tribunal.

Jordan v. Massachusetts, 225 U.S. 167, 176, 32 S. Ct. 651, 652,

56 L. Ed. 1038, 1042 (1912) (citing U.S. Const. amend. XIV). We

have previously noted that jury irregularity, such as sleeping,

may violate a defendant's federal and state constitutional rights

to a fair tribunal if it results in prejudice. State v. Scherzer,

301 N.J. Super. 363, 486-87 (App. Div.), certif. denied, 151 N.J.

466 (1997) (citing U.S. Const. amend. VI; N.J. Const. art. I, ¶

10). Here, however, there was no such jury irregularity or

prejudice.

 The State concedes in general that a juror's inability to

hear may be analogous to a juror who sleeps through a critical

part of the trial. In such a case, where a juror is inattentive

 5 A-2781-16T3
and a judge notices the inattentiveness, that judge "will have

broad discretion to determine the appropriate level of

investigation and corrective action that must be taken." State

v. Mohammed, 226 N.J. 71, 89 (2016). Defendant does not suggest

that the judge personally observed evidence of inattentiveness on

behalf of juror number twelve. If a party alleges a juror is not

paying attention, or cannot pay attention, and "[i]f the judge did

not personally observe the juror, the judge should conduct an

individual voir dire to determine if the juror was inattentive,

and make appropriate findings." Ibid. Defendant is not arguing

that he or his counsel alleged during the trial that juror number

twelve failed to hear testimony or otherwise pay attention at any

point during the trial.

 Instead, there is no evidence that the judge, defendant, or

the attorneys noticed any juror irregularity. On this record,

there is no credible evidence suggesting that juror number twelve

was sleeping, inattentive, distracted, dozing, intoxicated, unable

to participate in the trial, or unable to hear testimony from the

witnesses. Instead, juror number twelve's remarks to the court

clerk pertained solely to the communication between the judge and

counsel, which prompted the clerk to tell them to "keep your voices

up."

 6 A-2781-16T3
 Importantly, defense counsel responded "[o]kay" to the

clerk's comments and instruction to "keep your voices up." Defense

counsel herself did not show or express any concern that juror

number twelve missed the testimony from the victim or other

critical parts of the trial. That is not surprising because the

judge repeatedly instructed the jurors to raise their hands if

they had difficulty hearing testimony from the witnesses, and

juror number twelve did not raise his hand to indicate he had a

problem hearing the witnesses. Moreover, we would not expect

defense counsel to conclude juror twelve was unable to hear the

victim's testimony because it is reasonable to conclude that the

juror's remarks to the clerk referred to the communication between

the judge and counsel.

 Moreover, when the trial proceeded after the lunch recess,

and before the sergeant began testifying, defense counsel did not

object to the judge's instruction to the jury that "[i]f any juror

is having difficulty hearing anything, just raise your hands and

let me know, . . . we'll endeavor to speak loudly so you can hear

without straining." We may presume based on trial counsel's

failure to object to the judge's jury instruction that defense

counsel did not consider the appellate issue related to juror

number twelve to have deprived defendant of a fair trial or to

have been prejudicial. See, e.g., State v. McGraw, 129 N.J. 68,

 7 A-2781-16T3
80 (1992) (finding that defendant's failure to object to a jury

charge "gives rise to a presumption that he did not view its

absence as prejudicial to his client's case").

 Consequently, there is no basis for a new trial. That is

especially so because of the overwhelming evidence of defendant's

guilt. The State's proofs included defendant's letter, which the

State introduced into evidence without objection, where defendant

wrote to the victim, "[d]id I steal the checks? Absolutely. I

was dead wrong and I'm sorry."

 We affirm the convictions, but remand for re-sentencing in

accordance with this opinion. We do not retain jurisdiction.

 8 A-2781-16T3