■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ED PARKER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered June 5, 1985, convicting him of grand larceny in the second degree, forgery in the second degree (two counts), grand larceny in the third degree, and criminal trespass in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the convictions of grand larceny in the second degree and criminal trespass in the second degree, vacating the sentences imposed thereon, severing those counts of the indictment, and ordering a new trial on those counts. As so modified, the judgment is affirmed, and the case is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (5) with respect to the convictions of forgery in the second degree and grand larceny in the third degree.

The defendant was charged in counts Nos. 1 and 12 of the indictment with grand larceny in the second degree and criminal trespass in the second degree, respectively. The charges related to the defendant's occupation of a house in Bay Shore. Robert Tousssie testified that the company of which he was president owned the subject house, and that it had never authorized the defendant or anyone else to move into the house. Specifically, he denied the existence of any rental agreement between the defendant and his company. While the jury was deliberating, the defense attorney advised the court that the defendant had received a petition from Toussie's company on the previous day, which sought to evict the defendant from the house on the ground that he had not paid the rent that was due and owing pursuant to a *"rental agreement"* between the parties (emphasis added).

The existence of the petition not only affected Toussie's

credibility but disclosed a possible misstatement of a material issue at trial, to wit, the question of the defendant's authority to reside in the house. The court thus abused its discretion in failing to reopen the case in order to afford the defendant the opportunity to cross-examine Toussie as to the existence of the agreement (see, In re Baruch's Estate, 131 NYS2d 84; see also, 88 CJS, Trial, § 104). Accordingly, a new trial is required on the counts of grand larceny in the second degree and criminal trespass in the second degree.

The evidence presented at the trial was sufficient to support the jury verdict with respect to the other counts of the indictment beyond a reasonable doubt (see, People v Contes, 60 NY2d 620, 621). Therefore, these convictions must not be disturbed.

Furthermore, the defendant did not preserve for appellate review his challenge, pursuant to CPL 270.10 (2), to the composition of the jury panel by his oral objection, as such challenges must be made in a writing which sets forth the facts constituting the ground of challenge (see, People v Consolazio, 40 NY2d 446, cert denied 433 US 914; People v Dukes, 97 AD2d 445). Additionally, the defendant did not make out a prima facie case of purposeful discrimination by the prosecutor by his objection to his use of one peremptory challenge to excuse a black juror (see, Batson v Kentucky, 476 US —, 106 S Ct 1712; People v Thompson, 79 AD2d 87).

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Niehoff, Eiber and Sullivan, JJ., concur.