■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT POOLE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chetta, J.), rendered September 8, 1987, convicting him of criminal sale of a controlled substance in the first degree (four counts), criminal possession of a controlled substance in the first degree (three counts), criminal possession of a controlled substance in the second degree (two counts), and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, upon the exercise of our factual review power we find that the verdict was not against the weight of the evidence (CPL 470.15 [5]), which

included tape-recorded conversations regarding drug transactions between the defendant and an undercover police officer.

Furthermore, although the defendant may have been entitled to a missing witness charge with regard to the informant who was present during the first of the four sales he made to the undercover officer *(see, People v Gonzalez,* 68 NY2d 424, 428-430), the court's failure to so charge was harmless since there was overwhelming evidence of guilt and no significant probability that a contrary verdict would have resulted *(see, People v Crimmins,* 36 NY2d 230, 243).

The defendant further contends that he was deprived of a fair trial because two jurors were inattentive. CPL 270.35 requires the trial court to discharge a sworn juror it finds to be "grossly unqualified to serve in the case" and a juror who has not heard all the evidence is, indeed, grossly unqualified *(see, People v Russell,* 112 AD2d 451). However, in the case at bar a juror who acknowledged that he was drawing caricatures on a piece of paper nevertheless stated that he was listening to the testimony and his attentiveness was confirmed by the court's own observations. Therefore, the defendant was not entitled to discharge of the juror pursuant to CPL 270.35. As for the second allegedly inattentive juror, the record reflects that a codefendant's attorney "noted" that the person was "nodding off" but this assertion was contradicted by the codefendant and the defendant herein was silent on the matter. Therefore, there was no basis for discharging that juror *(cf., People v Valerio,* 141 AD2d 585).

Lastly, we see no reason to alter the sentence imposed. Kooper, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.