■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE PEREZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered July 19, 1984, convicting him of assault in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the facts, by reversing the conviction for assault in the second degree, vacating the sentence imposed thereon and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Several remarks by the prosecutor in her summation are now challenged on appeal. All but one of these remarks were unobjected to at trial, while the defendant's sole objection was sustained and the court gave a curative instruction. Defense counsel did not request any further curative instruction nor did he move for a mistrial. Therefore, no error of law has been preserved for appellate review *(see,* CPL 470.05 [2]).

The defendant also did not object to the jury's verdict as being repugnant. Thus, his claim that his acquittal of criminal possession of a weapon in the second degree was repugnant to his conviction of assault in the first degree is unpreserved for appellate review *(see, People v Satloff,* 56 NY2d 745; *People v Stahl,* 53 NY2d 1048).

However, upon the exercise of our factual review power (CPL 470.15 [5]), we conclude that the verdict of guilt on the count of the indictment charging assault in the second degree was against the weight of the evidence. There was no evidence connecting the defendant with the stick and knife used by the codefendant to beat the victim. Since this was the basis for the

charge of assault in the second degree, that charge must be dismissed. Bracken, J. P., Rubin, Rosenblatt and Miller, JJ., concur.