■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE SMARR, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of two counts of criminal sale of a controlled substance in the third degree for selling cocaine to an undercover police officer on two occasions. The officer was introduced to defendant by a confidential informant who did not testify at defendant's trial.

Although the court was mistaken in its belief that the undercover officer, on direct examination, used a certain term and, therefore, erred by allowing the prosecutor, on redirect examination, to question the officer concerning the meaning of this term, we find the error to be harmless in light of the overwhelming proof of defendant's guilt.

The prosecutor, on summation, improperly implied that defendant could have subpoenaed the confidential informant if defendant desired his testimony. However, the court sustained defendant's objection to this remark and gave curative instructions to the jury as well as a missing witness charge, instructing the jury that they could draw an adverse inference from the prosecutor's failure to call the confidential informant. Under these circumstances, any prejudice to defendant from the prosecutor's improper remark was eliminated. The remaining remarks of the prosecutor to which defendant assigns error were not so egregious as to require reversal.

We agree with defendant that the court's commencing a read-back of testimony as requested by the jury before defense counsel was present violated CPL 310.30. However, reversal is not required. Defense counsel missed only about three lines of the read-back and had the opportunity to be heard on the issue of whether additional testimony should have been read. The jury indicated that it was satisfied with the court's response and requested no further testimony. Moreover, defendant was present for the entire read-back (cf., *People v Mehmedi*, 69 NY2d 759, *rearg denied* 69 NY2d 985). Under these circumstances, there is no basis to conclude that defendant suffered any prejudice or was deprived of a substantial right (see, *People v Payne*, 135 AD2d 746, *lv denied* 71 NY2d 900).

We have examined the remaining issues raised by defendant and find them to be lacking in merit. We see no reason to modify defendant's sentence in the interest of justice. (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Doerr, J. P., Green, Pine, Lawton and Davis, JJ.