■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HORACE BURRELL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered December 11, 1989, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

After a joint trial with a codefendant, the defendant was convicted of robbery in the second degree in connection with the second of three incidents occurring on the same day, involving the same complainant. The complainant maintained that he was assaulted by a group of unknown males, and after fleeing, he was caught by the same group of males, including the defendant, and beaten and robbed of his "walkman". After escaping again, the complainant alleged he was on his way to the police station, when another group of males, this time involving the codefendant, assaulted him and tried to rob him. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Furthermore, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant also contends that he was prejudiced by several improper summation comments by the prosecutor. We conclude, however, that the court's timely intervention, which included the sustaining of defense counsel's objection and the giving of curative instructions, as well as its subsequent extensive instructions, negated any prejudice that might have resulted from such improper comments *(see, People v Smarr,* 175 AD2d 584; *People v Romero,* 175 AD2d 383; *People v Ogelsby,* 128 AD2d 556). Furthermore, the defendant did not request any further curative instruction nor did he move for a mistrial on this ground, thereby implying his satisfaction with

the court's curative instructions as given. Therefore, no error of law has been preserved for appellate review (CPL 470.05 [2]; see, *People v Medina*, 53 NY2d 951, 953; *People v Mabre*, 166 AD2d 339, 341; *People v Perez*, 162 AD2d 477; *People v Larsen*, 157 AD2d 672). Bracken, J. P., Sullivan, Balletta and Copertino, JJ., concur.