THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN ALBERTO ADAMS, Appellant.

Contrary to the defendant's contention, the trial court did not err in excusing a sworn juror during the trial over the defendant's objection. CPL 270.35 provides, in pertinent part,

that "[i]f at any time after the trial jury has been sworn and before the rendition of its verdict \* \* \* the court finds, from facts unknown at the time of the selection of the jury, that a juror is grossly unqualified to serve in the case \* \* \* the court must discharge such juror." It is a settled principle that "[a] juror who has not heard all the evidence is grossly unqualified to render a verdict in the case" *(People v Russell,* 112 AD2d 451, 453; *see generally, People v Poole,* 154 AD2d 560; *People v Valerio,* 141 AD2d 585). In the instant case, the court stated that it had observed that the eyes of the juror in question were closed and his head was moving back towards the wall. A court officer reported that the juror had "conked out", and the prosecutor made his own observation that the juror was "missing this whole proceeding". During the inquiry conducted by the court, the juror admitted that he had fallen asleep and that it was possible that he had missed portions of the testimony. Accordingly, the court properly exercised its discretion in dismissing the juror pursuant to CPL 270.35.

The defendant's challenge to the composition of the jury panel was waived by his failure to timely advance that challenge in writing to the trial court *(see,* CPL 270.10 [2]; *People v Consolazio,* 40 NY2d 446, *cert denied* 433 US 914; *People v Parker,* 125 AD2d 504).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Thompson, J. P., Sullivan, Eiber and Copertino, JJ., concur.