■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID SANSEVERO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Rosato, J.), rendered February 28, 1989, convicting him of sexual abuse in the first degree (five counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement he made to the police.

Ordered that the judgment is affirmed.

The defendant contends that the prosecutor's tactic of essentially forcing him to testify on cross-examination that he believed that the complainant was lying deprived him of a fair trial. We disagree. The trial court promptly issued a curative instruction concerning the objectionable line of cross-examination and the defendant did not thereafter request an additional curative instruction or move for a mistrial. The claim is therefore unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Perez,* 162 AD2d 477). In any event, any prejudice that may have resulted from the improper cross-examination was effectively dispelled by the court's prompt curative instruction *(see, People v Aversa,* 156 AD2d 371; *People v Vredenburg,* 110 AD2d 730).

The defendant's additional contention that the People's expert witness was improperly permitted to testify about child sex abuse syndrome is similarly unpreserved for appellate review *(see,* CPL 470.05 [2]). In any event, the testimony was properly admitted into evidence to dispel the misconception that the child's failure to immediately notify her parents that she had been sexually abused was proof that the abuse had not occurred *(see, People v Taylor,* 75 NY2d 277).

The defendant's remaining contentions are without merit. Bracken, J. P., Sullivan, O'Brien and Ritter, JJ., concur.