■ The People of the State of New York, Respondent, v Rashiem Swails, Appellant. [672 NYS2d 874] —Judgment, Supreme Court, Bronx County (Joseph Fisch, J.), rendered June 13, 1994, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him to a term of 7½ to 15 years, unanimously affirmed.

Defendant failed to preserve his current claim that the court did not follow the three-step *Batson* protocols in determining various claims of discriminatory exercise of peremptory challenges (*People v Williams*, 238 AD2d 196), and we decline to review them in the interest of justice. Were we to review them, we would find that the court properly determined the issues raised, based upon its assessment of the proffered reasons for the peremptory challenges (*see, People v Payne*, 88 NY2d 172). The court's express and implied findings as to pretextuality are entitled to great deference and are supported by the record.

Since there was "a direct contradiction not attributable to mistake, assumption or faulty memory" between defendant's testimony and that of the People's main witnesses, the prosecutor properly inquired of defendant whether the People's witnesses were lying (*People v Overlee*, 236 AD2d 133, 140).

Defendant's belated motion for a mistrial based on the prosecutor's summation comments was not adequate to preserve his current claims of error (*People v Molina*, 242 AD2d 453, *lv denied* 91 NY2d 895), and we decline to review them in the interest of justice. Were we to review them, we would find

no basis for reversal. The court properly sustained objections to the prosecutor's summation comments when valid objections were entered, and gave appropriate instructions to the jury where necessary, which instructions presumably were understood and followed by the jury (*People v Davis*, 58 NY2d 1102). In all other respects, the prosecutor's summation arguments constituted fair comment on the evidence and appropriate response to the defense summation and did not serve to deprive defendant of a fair trial (*see, People v D'Alessandro*, 184 AD2d 114, *lv denied* 81 NY2d 884).

Defendant's argument addressed to the purported variance between the indictment charging use of a "pistol" and the proof establishing use of a "revolver" is unpreserved and without merit. The term "revolver" is interchangeable with the term "revolving pistol" (*see, Matter of Long Is. Antique Gun Collectors Assn. v Frank*, 53 AD2d 644; *People v Wansker*, 191 App Div 875, 876).

We have considered defendant's other claims of error and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Tom and Saxe, JJ.