■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK BROWN, Appellant. [678 NYS2d 889] —Judgment, Supreme Court, New York County (Dorothy Cropper, J.), rendered March 10, 1997, convicting defendant, after a jury trial, of two counts of robbery in the first degree and one count each of robbery in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to two determinate terms of 17 years, two determinate terms of 15 years, and a determinate term of 7 years, all concurrent, unanimously affirmed.

Since defendant did not contend that his Federal and State constitutional right to confrontation was violated by any curtailment of his attorney's questioning of the prosecution witnesses, that portion of his argument has not been preserved for appellate review (CPL 470.05 [2]; *People v Fleming*, 70 NY2d 947). In any event, the record fails to support defendant's claim that the court curtailed his questioning of the complainant concerning the complainant's intoxication. We further find that the court properly exercised its discretion in limiting cross-examination of the police witnesses (*People v Melcherts*, 225 AD2d 357, *lv denied* 88 NY2d 881).

By failing to make timely and specific objections, defendant has failed to preserve his challenges to prosecutor's summation (*People v Swails*, 250 AD2d 503), and we decline to review them in the interest of justice. Were we to review his contention that the prosecutor engaged in improper speculation about matters outside the record and became an unsworn witness, we would find that the prosecutor's comments constituted a proper response to the summation of defense counsel (*People v Galloway*, 54 NY2d 396). Although the prosecutor should have avoided instructing the jury on a matter of law, any such error was harmless (*People v Rivera*, 199 AD2d 204, *lv denied* 83 NY2d 809).

Defendant has failed to preserve his remaining contentions and we decline to review them in the interest of justice. Were we to review these claims, we would find them to be without merit.

We perceive no abuse of sentencing discretion. Concur—Ellerin, J. P., Williams, Mazzarelli and Andrias, JJ.