■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL HOLLAND, Appellant. [703 NYS2d 57] —Appeal by the defendant from a judgment of the County Court, Westchester County (Dillon, J.), rendered December 5, 1997, convicting him of murder in the first degree, murder in the second degree (two counts), and robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

· Ordered that the judgment is affirmed.

Contrary to the defendant's contention, his oral and video-

taped confessions were properly admitted into evidence. "It is well settled that where a person in police custody has been issued *Miranda* warnings and voluntarily and intelligently waives those rights, it is not necessary to repeat the warnings prior to subsequent questioning within a reasonable time thereafter, so long as the custody has remained continuous" (*People v Glinsman,* 107 AD2d 710). Furthermore, the record supports the conclusion of the hearing court that the defendant's statements did not result from any coercive police strategy or his detention overnight in the precinct conference room (*see, People v Baker,* 208 AD2d 758; *People v Stanton,* 162 AD2d 987).

The defendant also contends that the prosecutor improperly used peremptory challenges to exclude four black venirepersons from the jury (*see, Batson v Kentucky,* 476 US 79). Although the trial court ruled that the defendant failed to establish a prima facie case of purposeful discrimination, the prosecutor stated his reasons for the record and the defendant did not indicate dissatisfaction with those explanations. Thus, the precise *Batson* issue raised on appeal, i.e., that the proferred reasons were pretextual, was not preserved for appellate review (*see, People v Childress,* 81 NY2d 263, 268; *People v Holland,* 179 AD2d 822, 824; *People v Campanella,* 176 AD2d 813).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. Santucci, J. P., Joy, Goldstein and Feuerstein, JJ., concur.