Darryl HOLLAND, Petitioner–
Appellant,

v.

Edward R. DONNELLY, Superinten-
dent, Wende Correctional Facili-
ty, Respondent–Appellee.

No. 02–2358.

United States Court of Appeals,
Second Circuit.

Argued: March 12, 2003.
Decided: March 31, 2003.

Salvatore A. Gaetani (Stephen J. Pittari, of counsel), Legal Aid Society of Westchester County, White Plains, NY, for Appellant.

Edward D. Saslaw, Assistant District Attorney (Robin, Lamont, Joseph M. Latino, Assistant District Attorneys, Jeanine Pirro, District Attorney, on the brief), Westchester County District Attorney's Office, White Plains, NY, for Appellee.

Before: OAKES, MESKILL, and CABRANES, Circuit Judges.

PER CURIAM.

We consider in this appeal of the denial of a petition for a writ of habeas corpus, 28

U.S.C. § 2254, an equal protection challenge to New York's sentencing procedures in N.Y. Criminal Procedure Law ("C.P.L.") § 400.27.[1] Petitioner asserts that the procedures arbitrarily permit defendants for whom the death penalty is sought to be sentenced to life imprisonment without parole only by a unanimous jury (prohibiting a judge from imposing that punishment), while withholding a jury determination of the appropriateness of life without parole from defendants for whom the death penalty is not sought (permitting the judge to impose that sentence).

Petitioner was convicted of first-degree murder, second-degree murder, and first-degree robbery after a jury trial in the County Court of Westchester County (Mark C. Dillon, *Judge*). The prosecution did not seek the death penalty on the first-degree murder charge, and petitioner was sentenced by the Court to life imprisonment without the possibility of parole in a judgment entered December 5, 1997. Petitioner's conviction was affirmed by the New York Appellate Division, *People v. Holland,* 268 A.D.2d 536, 703 N.Y.S.2d 57 (2d Dep't 2000), and leave to appeal to the Court of Appeals was denied, 95 N.Y.2d 835, 713 N.Y.S.2d 142, 735 N.E.2d 422 (2000).

On March 19, 2001, Holland sought a writ of habeas corpus in the United States District Court for the Southern District of New York raising the same claims he raised on direct appeal in the state courts, including, *inter alia,* a claim that his sentence to life imprisonment without parole is unconstitutional because New York's sentencing procedures under C.P.L. § 400.27 violate the Equal Protection Clause. Holland argued that the procedures for imposing a sentence of life imprisonment without parole arbitrarily treat defendants for whom the death penalty is sought differently from those for whom the death penalty is not sought.

■ The District Court (Gerard E. Lynch, *Judge*) rejected each of petitioner's claims, *Holland v. Donnelly,* 216 F.Supp.2d 227 (S.D.N.Y.2002), and granted a certificate of appealability only with respect to his equal protection claim. *Id.* at 250–51. In considering the petitioner's equal protection claim, the District Court applied "the extremely lenient rational basis test applied by the Supreme Court in assessing claims of denial of equal protection not involving 'discrete and insular minorities.'" *Id.* at 244 (quoting *United States v. Carolene Products Co.,* 304 U.S. 144, 152 n. 4, 58 S.Ct. 778, 82 L.Ed. 1234 (1938)). The Court concluded that "[d]ifficult as it may be to explain in isolation the narrow classification Holland challenges, the distinction drawn by the statute is certainly not irrational when looked at in its full context within the New York capital sentencing system." *Id.*

■ First, the Court explained, "[t]he sentence of life without parole is not specifically reserved to juries in [capital] cases; rather, the *capital* sentencing decision is reserved to the jury, and the possibility of imposing a sentence of life imprisonment without parole is assigned to it as an adjunct alternative as part of the jury's special responsibility in administering capital punishment." *Id.* The District Court noted that the assignment of capital sentencing decisions to the jury is common in many states, which, in the wake of the Supreme Court's invalidation of standardless death penalty sentencing in *Furman v. Georgia,* 408 U.S. 238, 92 S.Ct. 2726, 33

---

1. *See Holland v. Donnelly,* 216 F.Supp.2d 227, 240–41 (S.D.N.Y.2002) (describing the complex sentencing scheme set forth in C.P.L. § 400.27).

L.Ed.2d 346 (1972), have adopted some variant of the bifurcated capital sentencing procedures first recommended in the American Law Institute's Model Penal Code in 1962. *See Holland,* 216 F.Supp.2d at 245 (citing Model Penal Code & Commentaries, Pt. II, § 210.6 (1980), and numerous state death-penalty statutes).

Second, the District Court observed that "the sentence of life without parole plays a different role in the distinct situations of a capital sentencing trial and a non-capital sentencing for first-degree murder"—even though both ultimately serve the same purpose of *"mitigating* [New York's] capital punishment regime." *Id.* at 246 (emphasis added). In the context of capital cases, the Court noted, "[g]iving the jury the option of imposing [the sentence of life without parole], with the same stringent requirements of unanimous decision-making and an affirmative vote to require life without parole that apply to the death sentence, serves the benevolent purpose of restricting the death penalty to cases where the jury believes that the ultimate sanction is absolutely necessary." *Id.* In noncapital cases, however, "[t]he availability of life without parole ... evidently represents a trade-off for the liberal availability of prosecutorial discretion, provided as a hedge against the concern that prosecutors exercising this discretion might fail to be sufficiently zealous in protecting the public; in exchange for giving the prosecutor an unbridled option to exercise mercy, the state requires that the judge have an option of guaranteeing public safety by imposing an unparolable life term." *Id.* at 246–47. The Court thus concluded that "[e]ach sentencing procedure necessarily operates differently, but the options provided within each sentencing system are rational in light of the different goals and problems pursued in death and non-death cases." *Id.* at 248.

Applying the provision of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") that prescribes that a writ of habeas corpus shall not be granted unless a claim "adjudicated on the merits in State court ... resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), the District Court ultimately held that "[a]t a minimum, given the constraints on habeas corpus relief, this Court cannot say that the state courts' decision to uphold the New York procedure against equal protection challenge was an unreasonable application of the Supreme Court's established equal protection principles." *Holland,* 216 F.Supp.2d at 248.[2]

We have carefully reviewed the parties' submissions on appeal in this case, and we have considered all of their arguments. For the reasons stated by Judge Lynch in his comprehensive and thoughtful opinion of May 14, 2002, the relevant portion of which is published at 216 F.Supp.2d 227, 240–49, we affirm the judgment of the District Court and adopt its analysis.[3]

---

**2.** Holland raised his equal protection claim before the Appellate Division, but that Court did not specifically address that claim, and stated only that "[t]he defendant's remaining contentions are without merit." *Holland,* 268 A.D.2d at 537, 703 N.Y.S.2d at 58. Under *Sellan v. Kuhlman,* 261 F.3d 303, 314 (2d Cir.2001), such a decision is an adjudication "on the merits" entitled to full AEDPA deference.

We note that, during the pendency of petitioner's appeal, the New York Court of Appeals has had occasion to consider an equal protection claim identical to that of the petitioner. The Court unanimously rejected that

claim. *See People v. Hansen,* 99 N.Y.2d 339, 756 N.Y.S.2d 122 (2003).

**3.** We express no view as to the merits of any portion of the District Court opinion other than the above-referenced section, addressing petitioner's equal protection claim, which is the only claim presented to us on appeal.