■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAVOGIA JACKSON, Appellant. [764 NYS2d 838] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered November 2, 2001, convicting him of robbery in the first degree, grand larceny in the fourth degree, sexual abuse in the first degree, and attempted robbery

in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's argument that the hearing court erred in denying suppression of his inculpatory oral statement and second written statement to the police is unpersuasive. The record amply supports the hearing court's determination that these statements were made voluntarily rather than as a result of coercive tactics, and there is no basis for disturbing that determination (see People v Hunter, 265 AD2d 503 [1999]; People v Padilla, 133 AD2d 353, 354 [1987]; see also People v Holland, 268 AD2d 536 [2000]; People v Davis, 221 AD2d 358 [1995]).

Similarly unavailing is the defendant's claim regarding the legal sufficiency of the evidence. Initially, we note that this claim is unpreserved for appellate review (see CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), including the in-court identification of the defendant as the robber by one of the victims, the defendant's own inculpatory statements, and fingerprint evidence, we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15 [5]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, either are unpreserved for appellate review or without merit. Florio, J.P., Townes, Mastro and Rivera, JJ., concur.