THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT LAWRENCE, Appellant. [771 NYS2d 362]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered September 10, 2001, convicting him of murder in the second degree, assault in the third degree, and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of intentional murder for stabbing to death one of his two victims, and assault in the third degree and unlawful imprisonment in the second degree for attacking, binding, and gagging his other victim, who was his longtime girlfriend and the first cousin of the decedent. On appeal, the defendant contends that the Supreme Court committed reversible error by permitting the prosecutor to elicit evidence that, on several prior occasions, he became physically abusive with his girlfriend. Contrary to the defendant's contention, evidence of these prior uncharged acts was properly admitted because it was probative of his intent, and rebutted his defense of justification (*see People v Alvino,* 71 NY2d 233, 241-242 [1987]; *People v Molineux,* 168 NY 264, 293 [1901]; *People v Bierenbaum,* 301 AD2d 119, 150 [2002], *lv denied* 99 NY2d 626 [2003], *cert denied* — US —, 124 S Ct 134 [2003]; *People v Jones,* 289 AD2d 257, 258 [2001]; *People v Corella,* 281 AD2d 428, 429 [2001]; *People v Wheeler,* 257 AD2d 673 [1999]). Moreover, the probative value of the evidence outweighed any prejudice to the

defendant (*see People v Ventimiglia,* 52 NY2d 350, 359-360 [1981]; *People v Bierenbaum, supra; cf. People v Ely,* 68 NY2d 520, 529 [1986]).

The defendant further contends that he was deprived of a fair trial by the prosecutor's tactic of essentially forcing him to testify on cross-examination that he believed that both the surviving victim and the arresting officer were lying. The claim is unpreserved for appellate review because no objection was made to such questioning of the defendant at the trial (*see People v Smith,* 199 AD2d 439 [1993]; *cf. People v Sansevero,* 185 AD2d 256 [1992]). In any event, although we disapprove of this manner of questioning (*see People v Berrios,* 298 AD2d 597 [2002]; *People v Smith,* 199 AD2d 439, 440 [1993]), any error committed by the prosecutor in pursuing this line of questioning was harmless in light of the overwhelming evidence of the defendant's guilt (*see People v McGlone,* 222 AD2d 529 [1995]; *People v Smith, supra; People v Montgomery,* 103 AD2d 622 [1984]). Altman, J.P., Krausman, Crane and Cozier, JJ., concur.