■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL WILLIAMS, Appellant. [787 NYS2d 399]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered March 25, 2003, convicting him of gang assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt the defendant's guilt of gang assault in the second degree (*see* Penal Law § 120.06). The jury could have reasonably inferred that the defendant and the codefendant were in a position to render immediate assistance to their accomplice and, therefore, posed a sufficient threat of additional violence so as to satisfy the aggravating element necessary to sustain the conviction of gang assault in the second degree (*see People v Marquez,* 298 AD2d 407, 408 [2002]; *cf. People v Hedgeman,* 70 NY2d 533 [1987]; *People v Carr-El,* 287 AD2d 731, 732 [2001], *affd* 99 NY2d 546 [2002]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's arguments regarding alleged prosecutorial misconduct during summation are partially unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, any prejudice that may have resulted from the challenged remarks was alleviated when the trial court sustained the defendant's objections and provided curative instructions to the jury (*see People v Burrell,* 178 AD2d 422 [1991]). To the extent that any alleged inappropriate remark remained unaddressed, it was harmless in light of the overwhelming evidence of the defendant's guilt (*see People v Stith,* 291 AD2d 576 [2002]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). H. Miller, J.P., Crane, Spolzino and Skelos, JJ., concur.