738 [1967]; *People v Paige,* 54 AD2d 631 [1976]; *cf. People v Gonzalez,* 47 NY2d 606 [1979]). Florio, J.P., Krausman, Crane, Rivera and Fisher, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE GONZALEZ, Appellant. [790 NYS2d 523]—

Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered April 25, 2002, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, criminal possession of stolen property in the fourth degree (two counts), criminal possession of a weapon in the third degree, and criminal possession of stolen property in the fifth degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was denied his constitutional right to represent himself. We disagree. When the defendant's request for a change of assigned counsel was denied, he indicated that he would proceed pro se. The court then conducted an inquiry to determine whether the defendant was prepared to make a competent, intelligent, and voluntary waiver of his right to counsel, and whether he was aware of the dangers and disadvantages of self-representation (*see Faretta v California,* 422 US 806, 835 [1975]; *People v Arroyo,* 98 NY2d 101, 103-104 [2002]). At the conclusion of the colloquy, the defendant acknowledged that he did not know or understand the issues to be decided at the suppression hearing, and he agreed to continued representation by his assigned counsel. Thus, the defendant did not make an unequivocal request to proceed pro se (*see People v Carter,* 299 AD2d 418 [2002]; *People v Rainey,* 240 AD2d 682 [1997]; *cf. People v McIntyre,* 36 NY2d 10, 17 [1974]).

The defendant further contends that he was deprived of a fair trial by the prosecutor's tactic of asking him on cross-examination whether he believed the prosecution's witnesses were lying. Although we have repeatedly disapproved of this manner of questioning, any error committed here was harmless in light of the overwhelming evidence of the defendant's guilt

(*see People v Lawrence,* 4 AD3d 436 [2004]; *People v Smith,* 199 AD2d 439 [1993]).

The defendant's remaining contention raised in his supplemental pro se brief is unpreserved for appellate review and, in any event, is without merit (*see People v Rincon,* 177 AD2d 125, 127-129 [1992]). Luciano, J.P., Crane, Fisher and Lifson, JJ., concur.