THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD L. SUMMERS, Appellant. [799 NYS2d 534]—

Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered January 31, 1995, convicting him of murder in the second degree (two counts), attempted murder in the second degree, assault in the first degree (two counts), robbery in the first degree (eight counts), kidnapping in the first degree, kidnapping in the second degree, grand larceny in the third degree, grand larceny in the fourth degree, criminal possession of stolen property in the third degree, criminal possession of stolen property in the fourth degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and criminal use of a firearm in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly denied that branch of his omnibus motion which was to suppress the physical evidence recovered pursuant to a search warrant issued in South Carolina. Although the issuing Judge

did not strictly comply with the requirement that testimony taken in support of a search warrant application be "recorded or summarized on the record" (CPL 690.40 [1]), "substantial—rather than literal—compliance may satisfy the written application requirements" (*People v Taylor,* 73 NY2d 683, 688 [1989]; *see People v Mendoza,* 5 AD3d 810 [2004]). The hearing court's finding that the issuing Judge substantially complied with the strictures of CPL 690.40 (1) is supported by the record, and we decline to disturb it.

The record also amply supports the hearing court's determination that the defendant's confession was voluntary and not the result of any coercive police strategy (*see People v Jackson,* 308 AD2d 549 [2003]; *People v Holland,* 268 AD2d 536 [2000]; *People v Baker,* 208 AD2d 758 [1994]). Thus, that branch of the defendant's omnibus motion which was to suppress his confession was properly denied.

Furthermore, we reject the defendant's contention that reversal is required because the prosecutor improperly asked him during cross examination whether prosecution witnesses were mistaken, or had lied during their testimony. Since the defendant failed to object to most of the questions that he now claims were improper, this issue is largely unpreserved for appellate review (*see People v Lawrence,* 4 AD3d 436 [2004]; *People v Smith,* 199 AD2d 439 [1993]). In any event, any error committed by the prosecutor in pursuing this line of questioning was harmless in light of the overwhelming evidence of the defendant's guilt (*see People v Gonzalez,* 15 AD3d 594 [2005]; *People v Lawrence, supra; People v Daley,* 292 AD2d 630 [2002]; *People v McGlone,* 222 AD2d 529 [1995]).

In addition, the trial court properly permitted the admission of an inculpatory statement made by the defendant during the lineup identification procedure. The defense opened the door to the introduction of this statement with its questioning on cross examination of one of the officers present at the lineup (*see People v Massie,* 2 NY3d 179 [2004]; *People v Melendez,* 55 NY2d 445 [1982]).

The defendant's contention that the imposition of consecutive sentences for two of his convictions of robbery in the first degree was illegal is without merit, as the subject robberies were predicated upon distinct acts committed against separate victims (*see People v Truesdell,* 70 NY2d 809 [1987]; *People v Dieppa,* 285 AD2d 558 [2001]; *People v Rosa,* 249 AD2d 334 [1998]).

The sentence imposed was not excessive (*People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions are either unpreserved

for appellate review or without merit. Adams, J.P., Krausman, Rivera and Fisher, JJ., concur.