■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID GILLESPIE, Appellant. [831 NYS2d 83]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (McKay, J.), rendered September 13, 2005, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was deprived of a fair

trial because of certain remarks made by the prosecutor during summation is unpreserved for appellate review as defense counsel did not object to some of the challenged remarks, made general one-word objections to others, and did not move for a mistrial or request curative instructions when her objections were sustained (*see People v Rivera,* 73 NY2d 941, 942 [1989]; *People v Ford,* 69 NY2d 775, 776 [1987]; *People v Nuccie,* 57 NY2d 818, 819 [1982]; *People v Medina,* 53 NY2d 951, 953 [1981]; *People v Eugene,* 27 AD3d 480, 481 [2006]; *People v Hudgins,* 20 AD3d 489, 490 [2005]). In any event, most of the challenged remarks were fair comment on the evidence, permissible rhetorical comment, or responsive to the defense counsel's summation (*see People v Ashwal,* 39 NY2d 105, 109-110 [1976]; *People v Garner,* 27 AD3d 764 [2006], *lv denied* 7 NY3d 789 [2006]; *People v Smith,* 21 AD3d 386 [2005]; *People v Filipe,* 7 AD3d 539, 540 [2004]). Any resulting error from the remaining challenged remarks was harmless in light of the overwhelming evidence of guilt (*see People v Crimmins,* 36 NY2d 230, 241-242 [1975]; *People v Rivera,* 19 AD3d 620 [2005]; *People v Sanders,* 280 AD2d 560, 561 [2001]).

To the extent that the defendant's claims of ineffective assistance of counsel involve matter dehors the record, namely, defense counsel's failure to secure a fingerprint expert, they may not be reviewed on direct appeal (*see People v Velazquez,* 21 AD3d 388 [2005]; *People v Campbell,* 6 AD3d 623 [2004]). Insofar as we are able to review the defendant's claims, we find that defense counsel provided meaningful representation (*see People v Satterfield,* 66 NY2d 796, 798-799 [1985]; *People v Baldi,* 54 NY2d 137, 146-147 [1981]). Defense counsel prepared and pursued trial strategies and defense theories, presented a clear and cogent opening and summation, and adequately cross-examined the People's witnesses to develop her defense theories. Hindsight does not elevate counsel's unsuccessful trial strategies into ineffective assistance of counsel (*see People v Benevento,* 91 NY2d 708, 712 [1998]; *People v Satterfield, supra; People v Baldi, supra*). Schmidt, J.P., Santucci, Lifson and Covello, JJ., concur.