■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW BRADLEY, Appellant. [832 NYS2d 605]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (McDonald, J.), rendered March 12, 2003, convicting him of assault in the first degree, assault in the second degree, reckless endangerment in the first degree, vehicular assault in the second degree, reckless driving, and leaving the scene of an accident without reporting, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the convictions of assault in the second degree under count five of the indictment and reckless endangerment in the first degree under count six of the indictment, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

During the trial, the court observed that a particular juror had been sleeping, and after an in camera interview of this juror, the court concluded that she was "grossly unqualified" (CPL 270.35 [1]), and discharged her from the jury. Contrary to the defendant's argument on appeal, the discharge of this juror was not an improvident exercise of the trial court's discretion (*id.; see People v Simpkins,* 16 AD3d 601 [2005]; *People v Rogers,* 266 AD2d 481, 482 [1999]; *People v Adams,* 179 AD2d 764, 765 [1992]). The defendant's contention that other jurors had been sleeping is unpreserved for appellate review since he neither requested that the court interview any other juror in camera nor moved to dismiss any other juror (*see* CPL 470.05 [2]; *see People v Wright,* 16 AD3d 1113 [2005]; *People v Fenderson,* 203 AD2d 585, 586 [1994]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of vehicular assault in the second degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt for this crime was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

Under the circumstances of this case, the defendant's contention that, during cross-examination, the prosecutor asked the defendant if he thought that the People's witnesses were untruthful does not require reversal (*see People v Allen,* 13 AD3d 892, 897 [2004]; *People v Swails,* 250 AD2d 503 [1998]; *People v Overlee,* 236 AD2d 133, 138-140 [1997]). Any error regarding such cross-examination was harmless in light of the overwhelming proof of the defendant's guilt (*see People v Gonzalez,* 15 AD3d 594 [2005]). The defendant's contentions regarding the prosecutor's summation are without merit, as the prosecutor's remarks were fair comment upon the evidence or were a fair response to arguments presented in the summation by defense counsel (*see People v Urena,* 24 AD3d 693 [2005]; *People v Meyers,* 13 AD3d 395 [2004]; *People v Warren,* 12 AD3d 708 [2004]).

The People correctly concede that the convictions of assault in the second degree and reckless endangerment in the first degree must be dismissed as they are inclusory concurrent

counts of assault in the first degree (*see* CPL 300.40 [3] [b]; *People v Swinton,* 21 AD3d 1039, 1040 [2005], *mod on other grounds* 7 NY3d 776 [2006]; *People v Carew,* 2 AD3d 742 [2003]). Accordingly, we vacate those convictions and the sentences imposed thereon, and dismiss those counts of the indictment.

Upon review of trial counsel's performance as demonstrated by the entire record, we find that the defendant received meaningful representation (*see People v Henry,* 95 NY2d 563 [2000]; *People v Benevento,* 91 NY2d 708, 712 [1998]; *People v Baldi,* 54 NY2d 137, 147 [1981]; *People v Thomas,* 33 AD3d 1053 [2006]; *People v Quiller,* 298 AD2d 712, 714 [2002]).

The defendant's contention, raised in point five of his brief, relating to the trial court's limitation of defense counsel's summation, is without merit. The defendant's remaining contentions are unpreserved for appellate review. Rivera, J.P., Santucci, Angiolillo and Dickerson, JJ., concur.