■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAIME MERENESS, Appellant. [843 NYS2d 86]—

Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered January 27, 2004, convicting her of burglary in the second degree, assault in the second degree (four counts), assault in the third degree, and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that she was deprived of a fair trial because the prosecutor improperly asked her during cross-

examination whether prosecution witnesses were mistaken or had lied during their testimony. The issue is unpreserved for appellate review because no objection was made to such questioning of the defendant at trial (*see People v Summers,* 20 AD3d 546, 547 [2005]; *People v Lawrence,* 4 AD3d 436, 437 [2004]). In any event, any error committed by the prosecutor in pursuing this line of questioning was harmless in light of the overwhelming evidence of the defendant's guilt (*see People v Summers, supra* at 547; *People v Gonzalez,* 15 AD3d 594 [2005]; *People v Lawrence, supra* at 437).

The defendant's contentions concerning the prosecutor's remarks during summation are unpreserved for appellate review (*see People v Gillespie,* 36 AD3d 626, 627 [2007]; *People v Siriani,* 27 AD3d 670 [2006]). In any event, the statements now challenged by the defendant were fair comment upon the evidence, permissible rhetorical comment, or a fair response to arguments presented in summation by defense counsel (*see People v Bradley,* 38 AD3d 793, 794 [2007]; *People v Gillespie, supra* at 627; *People v Brunson,* 284 AD2d 406 [2001]).

The defendant's claim of ineffective assistance of counsel is premised almost entirely upon matters which are dehors the record and are not properly presented on direct appeal (*see People v Haynes* 39 AD3d 562, 564 [2007], *lv denied* 9 NY3d 845 [2007]; *People v Gillespie, supra* at 627; *People v Zimmerman,* 309 AD2d 824 [2003]). Insofar as we are able to review the defendant's claims, defense counsel provided meaningful representation to the defendant at all stages of the proceedings (*see People v Caban,* 5 NY3d 143, 152 [2005]; *People v Benevento,* 91 NY2d 708, 712 [1998]).

The defendant's contention that the court improperly considered information in her presentence report in imposing sentence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Santos-Mispas,* 38 AD3d 923 [2007]; *People v Leon,* 19 AD3d 509, 510 [2005], *affd* 7 NY3d 109 [2006]). In any event, this contention is without merit (*see People v Andre L.,* 18 AD3d 575, 576-577 [2005]). Schmidt, J.P., Santucci, Krausman and McCarthy, JJ., concur.