■ The People of the State of New York, Respondent, v Shateek Bilal, Appellant. [912 NYS2d 678]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (R. Bellantoni, J.), rendered August 20, 2007, convicting him of criminal sale of a controlled substance in or near school grounds (two counts), criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree

(two counts), and criminal possession of a controlled substance in the seventh degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the convictions of criminal possession of a controlled substance in the seventh degree (two counts), vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

The defendant's contention that his convictions were not supported by legally sufficient evidence is unpreserved for appellate review, as defense counsel's motion for dismissal lacked any specificity (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]; *People v Romero*, 7 NY3d 633 [2006]).

Contrary to the People's assertion, the defendant's contention regarding the admission of hearsay evidence was preserved for appellate review (*see* CPL 470.05 [2]; *People v Ayala*, 142 AD2d 147, 156 [1988], *affd* 75 NY2d 422 [1990]). However, it is without merit, as in each instance, the testimony that, at some point, the witness learned a transaction had been completed, was offered not as proof that there had been a transaction, but "to provide necessary background information to the jury" (*People v Johnson*, 40 AD3d 1011, 1012 [2007]; *see People v Tosca*, 98 NY2d 660, 661 [2002]).

The defendant was not deprived of a fair trial by the Supreme Court's refusal to allow him to display his burns, tattoos, and gold teeth in support of his defense of mistaken identity, since his sister was permitted to testify regarding these features (*see People v Mendez*, 138 AD2d 637, 638 [1988]).

The defendant's challenge to certain remarks made by the prosecutor during her summation is not preserved for appellate review, as no objection was made at the time (*see* CPL 470.05 [2]). In any event, the challenged remarks do not require reversal (*see People v Mereness*, 43 AD3d 473 [2007]; *People v Bradley*, 38 AD3d 793, 794 [2007]).

The Supreme Court providently exercised its discretion in denying, without a hearing, the defendant's application, submitted as part of his CPL 330.30 motion, for a reconstruction hearing to determine retrospectively his mental competency during the trial. "A defendant is presumed competent and the court is

under no obligation to issue an order of examination unless it has reasonable ground . . . to believe that the defendant was an incapacitated person" (*People v Morgan*, 87 NY2d 878, 880 [1995] [internal quotation marks and citations omitted]). The presumption of competency "cannot be rebutted by a mere showing that the defendant has a history of mental illness" (*People v Hansen*, 269 AD2d 467, 467 [2000]; *see People v Tortorici*, 92 NY2d 757, 765 [1999], *cert denied* 528 US 834 [1999]; *People v Morgan*, 87 NY2d at 881; *People v Galea*, 54 AD3d 686, 687 [2008]), nor is a subsequent finding of mental illness evidence of a lack of competency during the subject time period (*see People v Gelikkaya*, 84 NY2d 456, 459-460 [1994]). Here, there is nothing in the record "to indicate that during trial . . . the defendant did not have a sufficient present ability to consult with [his] lawyer with a reasonable degree of rational understanding or have a rational as well as factual understanding of the proceedings against [him]" (*People v Greco*, 177 AD2d 648 [1991]; *see Dusky v United States*, 362 US 402 [1960]; *People v Francabandera*, 33 NY2d 429 [1974]).

As the People correctly concede, the defendant's convictions of two counts of criminal possession of a controlled substance in the seventh degree must be vacated, the sentences thereon must be vacated, and those counts of the indictment dismissed, as they are inclusory concurrent counts of criminal possession of a controlled substance in the third degree (*see* CPL 300.40 [3] [b]).

The remaining arguments set forth in the defendant's supplemental pro se brief are without merit. Prudenti, P.J., Dillon, Balkin and Chambers, JJ., concur.